MISSOURI, K. & T. RY. CO. et al. v. BROWN et al.

(Court of Civil Appeals of Texas. Ft. Worth. March 1, 1913. Rehearing Denied March 29, 1913.)

1. PRINCIPAL AND AGENT (§ 22*)—EVIDENCE OF AGENCY—STATEMENTS OF AGENT.

Where persons alleged to be agents of a railroad company were found where such agents usually are, transacting the business of their respective railroads, their statements that they were such agents were admissible to prove agency.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 40; Dec. Dig. § 22.*]

2. APPEAL AND ERROR (§ 1048*)—HARMLESS ERROR — RECEPTION OF EVIDENCE — QUESTION AND ANSWER.

That a question propounded to a witness is improper is not material, if it fails to elicit improper evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140–4145, 4151, 4158–4160; Dec. Dig. § 1048.*]

3. EVIDENCE (§ 481*) — OPINION — CONCLUSIONS.

In an action for injuries, to a shipment of cattle, a qualified witness may testify as to what is the usual, customary, or ordinary run, or as to proper time or manner of doing things.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2248–2254; Dec. Dig. § 481.*]

4. APPEAL AND ERROR (§ 721*)—JOINT ASSIGNMENTS—REVIEW.

A joint assignment that the verdict was contrary to the weight of the evidence as to all the defendants was unsustainable, if the evidence supported a verdict as to any of them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2985–2989; Dec. Dig. § 721.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by J. K. Brown and others against the Missouri, Kansas & Texas Railway Company and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Thompson & Barwise and W. H. Francis, all of Ft. Worth, and A. S. Coke, of Dallas, for appellants. Goree & Turner, of Ft. Worth, for appellees.

SPEER, J. J. K. Brown shipped 626 head of cattle from Van Horn, Tex., to Pontiac, Kan. The shipment was handled by the Texas & Pacific Railway Company, the Missouri, Kansas & Texas Railway Company of Texas, the Missouri, Kansas & Texas Railway Company, and the Missouri Pacific Railway Company. The cattle received certain injuries in transit, and all of the roads were sued. The plaintiff had judgment against the Missouri, Kansas & Texas Railway Company of Texas and the Missouri, Kansas & Texas Railway Company in the sum of $675 each, and these defendants have appealed.

[1] By appropriate bill of exceptions appellants complain that the court erred in permitting certain testimony of appellee Brown with reference to declarations made to him by persons who claimed to be agents of these appellants along the route. The proposition urged is that the declarations of a person are not admissible, of themselves, to prove agency in such person. The proposition is sound, but it does not follow that the objections to the evidence should have been sustained. The circumstances were sufficient or at least tended to show, independently of the declarations, that such persons were agents of appellants. They were found where such agents are usually found, transacting the business of the roads, and their statements that they were such agents were therefore properly admitted. G., C. & S. F. Ry. Co. v. Looney, 51 Tex. Civ. App. 381, 115 S. W. 268.

[2, 3] By another bill of exceptions objection was interposed to the following questions propounded to the appellee and to his answer thereto, because the same involved

a conclusion of the witness upon the mixed question of law and fact of ordinary care in handling the shipment: "What, in your opinion, would have been the general market value of the cattle at Rosalia as died en route, or died there, or died after their arrival there, taking into consideration the condition that the cattle should have been in when delivered at destination and if handled en route in the usual way, and considering the handling that the cattle should have received and the condition they would have been in with that usual and ordinary handling?" and "What, in your opinion, would be the market value at Rosalia, Kan., of the cattle involved in the shipment that did not die, if they had been handled during the transportation on the trip in question in the usual and customary way and with ordinary care on the part of the carriers?" The witness answered as follows: "Considering the condition of these cattle at the time they started and the condition they should have arrived at destination with the usual and ordinary and customary handling, there was a market value for them at destination, and the 21 head there were dead had a market value, or would have had such market value, at destination, of from $24 to $30 per head, not including the freight," and "Considering the condition of the remainder of the cows in this shipment, excluding the steers and the dead cattle, at the time they were delivered to the railroad company at Van Horn with the usual, customary, and ordinary run and handling that said shipment should have received for the distance they were shipped was $24 per head—about that—at destination. But the condition in which they were actually delivered—in the bruised condition, and there was quite a number of them that had slunk their calves, I should say about 35 or 40 of them—their market value was about $17 or $18 in the condition in which they were delivered." The second question propounded was, perhaps, improper and in violation of the rule announced in H. & T. C. Ry. Co. v. Roberts, 101 Tex. 418, 108 S. W. 808, as calling for a conclusion of the witness on a mixed question of law and fact, but the answer was not such as to fall within the condemnation of that rule. That the question was improper cannot be material, if it fails to elicit improper evidence. It has never been held, we believe, that a witness who knows cannot testify as to the usual, customary, or ordinary run, or time, or manner, or the like.

[4] The third assignment complains that the verdict was contrary to the great weight and overwhelming preponderance of the testimony, setting out the particulars wherein the same was deficient, and the fourth that the court erred in submitting the case at all as to these appellants because of the complete absence of evidence of negligence on their part. Of course, if the third assignment is overruled, necessarily the fourth also will be. These assignments are joint assignments, and therefore, if the verdict and judgment finds support as to either appellant, the assignments must be overruled. See authorities cited in 1 Decennial Digest, Appeal and Error, § 721 (1). The evidence justified a finding, which we will attribute to the verdict, that the Missouri, Kansas & Texas Railway Company of Texas negligently delayed the unloading of the cattle after the delivery to it by the Texas & Pacific Railway Company at Hodge, and that such negligence resulted in the injuries for which the damages against that company were allowed. As to the other appellant, there is also evidence by the appellee of several delays, though, as further shown, such delays occurred at divisional points, where some delay is always to be expected, and it may be that from this evidence the jury also were authorized to find against that company; but, as indicated already, since the appellants have seen proper to treat the cause of the two roads as one by jointly assigning error to the verdict and judgment, we do not find it necessary to determine this matter.

This disposes of all assignments adversely to appellants; and the judgment is affirmed.