**HULSEY et al. v. HULSEY et al.**

**No. 877.**

Court of Civil Appeals of Texas. Eastland.

July 10, 1931.

Rehearing Denied Sept. 18, 1931.

Scarborough, Ely & King, of Abilene, for appellants.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellees.

LESLIE, J.

At the time of his death, March 20, 1910, J. P. Hulsey owned 40 acres of land in Taylor county, Tex. This is a suit by T. J. Hulsey and five of the heirs against L. K. Hulsey, feme sole, and six of the heirs, seeking a partition of this tract of land. The litigants are the sole heirs, either as children or grandchildren of the deceased, and the married women are joined by their respective husbands. The defendant L. K. Hulsey answered by general denial and a plea of ten years' limitation as against the plaintiffs, and also the other heirs who are codefendants with her in the suit.

The case was submitted to the jury on special issues which were answered in favor of the appellee L. K. Hulsey. Upon this verdict a judgment was rendered in her favor, awarding her the lands upon the theory that she had matured a limitation title under said statute. From this judgment appeal is prosecuted by the plaintiffs. The other heirs of J. P. Hulsey, deceased, made codefendants with L. K. Hulsey in the suit, have acquiesced in the judgment favorable to her and are prosecuting no appeal.

In answer to the issues the jury has found that the appellee L. K. Hulsey had been in peaceable and adverse possession of the 40 acres of land as against the plaintiffs and her codefendants, cultivating, using, and enjoying the same for a period of more than ten years preceding the filing of this suit on

March 15, 1929; and that all the plaintiffs and codefendants of L. K. Hulsey had knowledge of the fact that she was claiming said land adversely to them for a period of ten years prior to the filing of this suit. The rulings of the trial court and the judgment thereon are attacked by three assignments of error and three propositions. In these propositions it is contended that the court erred: (1) In refusing to give appellants' peremptory instruction for a verdict; (2) that, in order for a cotenant to hold property under the statute of limitation against his contenants, it was necessary for the evidence to show an adverse holding against the cotenant, and there being no evidence to support the verdict of the jury on the issue of ten years' limitation, the court should have instructed a verdict for the appellants; and (3) the parties being cotenants, the evidence on the part of Miss L. K. Hulsey failed to show any notice to the appellants that she was holding the property adversely to their rights.

We consider these propositions in the light of the assignments and as presenting in different forms but a single question, that being that there is no evidence to support the verdict of the jury upon the fact issue to which the respective propositions are addressed. The points presented call for a consideration of the testimony adduced upon the trial. The statement of facts is not lengthy or complicated, and we have carefully read the same with a view to determine whether or not the findings of the jury are supported by the testimony. Except possibly as to Mrs. Sarah Woods, plaintiff, we think it is.

 No useful purpose could be served by stating the testimony in detail. Briefly, and in substance, it appears that J. P. Hulsey, deceased, bought the land in controversy and he and L. K. Hulsey, an unmarried daughter, resided upon the same as their home until his death, about March 10, 1910. For a period of time thereafter she occupied it in person, and about 1914, she, by her own efforts, paid off seven of the unpaid purchase-money notes remaining against it after her father's death. A foreclosure on the property was impending, and after an unsuccessful effort to enlist the aid of several of the other heirs, if not all of them, in lifting this incumbrance, she borrowed the money and paid off the debt. From and after that date she testifies she has made adverse claim to the property; that she has been in exclusive possession of it, claiming it as her individual property, paying the taxes, and keeping the house and fence in repair. The testifies to an adverse possession, either in person or through tenants and for a period of time exceeding ten years prior to the filing of the suit. Her testimony bears the construction that her possession was exclusive, hostile in nature to the rights of the appellants, and that she brought notice of such character of claim and possession home to them. In other words, her testimony covers the ground essential to the maturing of a valid claim of title under the ten years' statute of limitation as against all the heirs (Rev. St. 1925, art. 5510), unless, as stated, it be Mrs. Sarah Woods, and the issues of fact involved having been properly submitted to the jury, resolved in favor of the appellee L. K. Hulsey, and the nature of the testimony being such as to give reasonable support to the jury's findings, it is not within the province of this court to set aside the verdict and the judgment based thereon.

██ As indicated, we have some doubts that the nature of appellee's possession and the notice of her adverse claims to the land were ever brought home to Mrs. Sarah Woods, who has at all times resided in the state of Georgia, but as to her we have concluded that the judgment must likewise be affirmed for the following reasons: She joined all of the other appellants in making a joint motion for an instructed verdict and also a joint motion to set aside the verdict of the jury and the judgment thereon on the grounds that the evidence "wholly failed to show any notice to the plaintiffs" of an adverse claim. The facts of the case did not justify such a contention. The motion was not good in the case of a majority of the plaintiffs, and we do not think it was good as to any unless it be the plaintiff Woods, but since she has made common cause with the appellants in making a joint motion with them in the above respects and for the same reasons, and did not ask any instruction exclusively in her own behalf or make any such motion, the said motions were properly overruled and for the same reason the assignments and propositions must be overruled as to her. Her situation is like that of one of the parties involved in the following cases: Missouri, K. & T. Ry. Co. v. Brown (Tex. Civ. App.) 155 S. W. 979, 980; Martin et al. v. Burr et al. (Tex. Civ. App.) 171 S. W. 1044 (point 10).

In these cases joint assignments to the court were urged, and, although they were correct as to some of the litigants, they were not as to others. It is there said: "These assignments are joint assignments, and therefore, if the verdict and judgment find support as to either appellant, the assignments must be overruled."

From what has been said it follows that this judgment should therefore be in all things affirmed. For the reasons assigned it is so ordered.