**HANOVER FIRE INS. CO. et al. v. GLENN.**

No. 14267.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 12, 1941.

Shook & Shook, of Dallas, for appellants.

Julien C. Hyer and A. W. Christian, both of Fort Worth, for appellee.

SPEER, Justice.

Appellee C. W. Glenn instituted this suit in the County Court at Law No. Two, Tarrant County, Texas, against appellants Hanover Fire Insurance Company of New York, to which we shall refer as Hanover Co., and Republic Insurance Company of Dallas, Texas, to which we shall refer as Republic Co., to recover against them jointly and severally for a loss by fire of property alleged to have been covered by policies of insurance. Both contracts disclose permission for the concurring insurance.

The petition is sufficient to disclose the issuance by each company of the policy, the effectiveness at the time of the fire and the destruction of the property alleged to have been covered.

Relating to the policy issued by the Republic Co., the pleadings are so worded as to make the contract a part of the petition. That part of the petition seeking recovery against the Hanover Co. did not incorporate the policy, either by words or implication.

Both policies were put in evidence, and each contained certain exceptions against which the issuing company did not obligate itself to indemnify.

Each of the appellants filed separate pleadings, although represented by same counsel. The respective pleadings of appellants presented pleas in abatement; these were based upon the allegations that the policies sued on provided, in effect, that no suit should be maintained thereon until the expiration of sixty days after satisfactory proof of loss was made by the insured; that no proof of loss was made and that the provisions of the contract were therefore violated.

Subject to their pleas in abatement, each of the appellants filed general demurrer, general denial and special defensive matters. Among the latter was what is commonly designated as the "Record Warranty Clause". In this connection, they quote at length from the respective policies those provisions which obligated the insured to keep a competent set of books, files, invoices and all papers necessary to properly reflect the condition of the business at any given time, if loss by fire is claimed.

The case was tried to a jury on special issues. The verdict was favorable to appellee (the insured) and judgment was entered in his favor against the two appellants jointly and severally for $419, and costs of suit. From the judgment both companies have appealed.

Appellants filed a joint motion for new trial, consisting of 35 separately numbered paragraphs, and brought the entire motion forward in their briefs, as constituting their assignments of error; however, only a limited number of them are relied upon here.

Their first and second propositions are identical, one in behalf of the Republic Co., and the other in behalf of the Hanover Co., neither of which makes any reference to an assignment of error presented either here or in the motion for new trial. From the discussion of both found in the brief, we are convinced they are presented under the second ground for new trial. That assignment reads: "The court erred in overruling and in not sustaining the general demurrer of each of the defendants contained in paragraph 1, of the original answer of each, which general demurrer was as follows:" The general demurrer found in each of the answers was copied. They are in the usual form of such pleadings and need not be repeated.

Appellee objects to consideration by us of the assignment, because as he contends, it is multifarious, in that it complains of two separate rulings of the court, one overruling the general demurrer of the Republic Co., and the other overruling that of the Hanover Co. The objection of appellee to consideration of the assignment is well taken. While the ruling of the court upon the general demurrers is found in a single order, yet the dual effect of the single order resulted in the thing complained of by appellants. It has been held that an assignment of error is bad if it complains that the court erroneously over-

ruled demurrers, when there were more than one involved. 3 Tex.Jur. § 598, p. 858.

■ However, we are not without authority to consider any assigned error, if by so doing we may make right a wrong done to a litigant. Even with such a flexible rule of procedure we are powerless to ignore a course deliberately chosen by a party while trying his case. With a view to giving appellants the benefit of all rights to which they were entitled at the hands of the trial court when they presented their motion for new trial, we have concluded to review the matters complained of.

Bearing in mind that the ground for new trial was presented to the trial court in the language of the above quoted assignment of error, it became the duty of that court to pass upon it as presented. In their briefs, appellants bring the matter to us in a different form from that presented to the trial court. They present separate propositions to us in which it is complained: (1) that the trial court erred in overruling the general demurrer of the Republic Co., and (2) it erred in overruling the general demurrer of the Hanover Co. We have no doubt that if the trial court had been confronted with the question as we are, he would have sustained one and overruled the other. That court ruled properly on the ground for new trial as it was presented to him.

■■ It is now the settled rule that an appealing party cannot, by reconstructing paragraphs of his motion for new trial into assignments of error, nor by supporting propositions, enlarge upon the objections made to the trial court upon its rulings. Texas Indemnity Insurance Co. v. Godsey, Tex.Civ.App., 143 S.W.2d 639, writ refused; Le Sage v. Smith, Tex.Civ.App., 145 S.W. 2d 308, writ dismissed, correct judgment; Traders & General Ins. Co. v. W. L. Turner, Tex.Civ.App., 149 S.W.2d 593, writ dismissed, correct judgment. By the same token, appellants cannot, as they are attempting to do, in this case, present to the trial court a single ground for new trial, to the effect that a new trial should be granted because the court erred in overruling the general demurrers presented by each of the parties, and urge on appeal under separate propositions the same point presented to the trial court in a single objection. If the question had been raised before the trial court in the manner it is presented here, that court would have had an opportunity to reconsider its ruling on each of the demurrers; but as presented to the trial court, if either of the demurrers should have been overruled, he could not do so without acting upon both.

■ We have shown above that appellee's allegations in regard to the contract with Republic Co. contain expressions which made the policy a part of the petition. In such circumstances, when the policy contains exceptions for which the company did not promise indemnity, it was necessary, on demurrer, for appellee to allege that his loss was not sustained under either of the conditions excepted. This was not done and under the law existing at the time of trial, the petition was subject to the general demurrer. International Travelers' Ass'n v. Marshall, 131 Tex. 258, 114 S.W.2d 851. The pleadings of appellee were not such as to make the policy issued by Hanover Co. a part thereof, and as to that defendant, the general demurrer was properly overruled. The assignment of error complains because the court overruled the general demurrer presented by each of the defendants. The assignment being a joint one, it could not be sustained if the ruling complained of was proper as to either. It was proper as to the Hanover Co. and the trial court committed no error in overruling it as presented. Missouri K. & T. Ry. Co. et al. v. Brown, Tex.Civ.App., 155 S.W. 979, writ refused; Martin et al. v. Burr et al., Tex.Civ.App., 171 S.W. 1044; Hulsey v. Hulsey, Tex.Civ.App., 42 S.W.2d 179.

■ Propositions 3 and 4 are said to be germane to assignments of error 12 and 13. These assignments challenge the correctness of Special Issue No. 2. This issue inquired what amount of money would have been the reasonable cost, at the time of the fire and immediately thereafter, to repair and replace the merchandise in question with material of like kind and quality. Twelfth assignment of error embraces the objections made by appellants before the issue was submitted. They were: (1) an objection that the inquiry submitted the reasonable cost of repairing and replacement without limiting the jury to the measure of damages provided by the policy, and (2) because no definition was given of what was meant by "reasonable cost". The assignment based upon the objection made to giving the charge is multifarious in that it attempts to challenge the given Special Issue upon both the above mentioned grounds. It is violative of the provisions of Article

1844, Vernon's Texas Annotated Civil Statutes, and of Rules 25 and 26 for Courts of Civil Appeals, promulgated by the Supreme Court. In addition to presenting more than one alleged error, that part complaining of the submission of replacement value is too general and afforded no information to the trial court as to what measure of damages appellants sought to have submitted. It has many times been held by our courts that such assignments can not be considered. See annotation of cases in Smoot's Texas Court Rules, pages 185 and 195.

 Thirteenth assignment of error, to which it is claimed the fourth proposition is germane, is open to the same criticism as that above mentioned. In this assignment it is stated, in effect, that appellants objected to the issue as submitted because "the time, place and meaning of reasonable cost is not set forth and it is not stated whether it is meant by reasonable cost, the wholesale price of the merchandise in January, 1940 * * * or the reasonable cost at the time plaintiff purchased or bought the articles inquired about * * * or the reasonable cash market value of said goods at the time and place of the fire." The assignment does not distinctly state what appellants are complaining of. In any. event we do not think the court committed an error in so submitting the special issue inquiring about replacement values. The policy provides, in effect, that insurers would in no event be liable for a greater sum than that necessary to repair or replace the merchandise with that of like kind and character. The inquiry was pertinent for the reason it was the limit of appellants' liability, irrespective of what the merchandise was reasonably worth at the time of the fire or what it had cost the insured when he purchased it. If the merchandise had cost more when purchased than what it would cost after the fire to replace it, appellee would have been limited in his recovery to the replacement value. Texas Moline Plow Co. v. Niagara Fire Ins. Co., 39 Tex.Civ.App. 168, 87 S. W. 192, writ refused; German Ins. Co. v. Everett, Tex.Civ.App., 36 S.W. 125. If the destroyed merchandise was worth less at the time of the fire than what it would take to replace it with a like kind and quality (a situation difficult to imagine) of course, under the terms of the contract, appellants' liability would have been that value. We find no testimony in the record which even tends to show that such was true. While upon the other hand, appellee testified that about six months before the fire he made a list of items contained in the merchandise destroyed; that he had purchased the goods and knew what they cost him; he did not have the invoices at the time he made the list showing the items and their cost, "but each item was marked, the price was marked on it, and I knew by that what I paid for it." He also testified that he was, at the time of trial and at the date of the fire, acquainted with the usual and customary prices of the articles listed, and that he had, since the fire, verified his own ideas about it by inquiries of concerns handling them, and based upon these things, he said the reasonable market or replacement value of the whole lot destroyed was $419. The jury verdict was for that amount. Appellants made no effort to establish any other value, and we can see no possible harm sustained by appellants in the manner the court ascertained the measure of damages. Appellants did not prepare and request the giving of an issue inquiring what was the reasonable cash value of the goods, and if they had done so and the issue had been given and answered, no other answer of value than that found under the issue as submitted would have found support in the evidence.

Propositions 5, 6, 7 and 8 make no reference to any assignment of error or paragraph in the motion for new trial. In an effort to ferret out whether or not they present matters properly before the court, we have concluded they have reference to appellants' first assignment of error, in which it is claimed the trial court erred in refusing to sustain their pleas in abatement. As stated in the early part of this opinion, each of the appellants filed such pleas, based primarily upon the theory that suit was prematurely brought because the policy provided in effect that no suit could be maintained thereon until the expiration of sixty days after satisfactory proof of loss was made and that no such proof of loss was ever made.

The propositions under consideration assert substantially that the policies provided for proofs of loss as a condition precedent to filing suit; that none was filed; that statements made by the adjusters for the respective appellants did not amount to a denial of liability. Appellee testified that he did not furnish to either of the adjusters

a signed sworn statement in connection with the fire. He alleged that the appellants had denied liability prior to the institution of the suit.

The policies provided for proof of loss to be made by the insured, and the manner of making it is fully set out as is usual in Standard Form policies. Absent a waiver of that requirement by the insurer, the insured cannot maintain an action on the policy; this is too well settled to require the citation of authorities. It is equally well settled that proof of loss can be waived by the insurer and that a denial of liability by the company renders proof of loss unnecessary. The undisputed facts before us are that these appellants had information that a fire had occurred and that appellee claimed his property covered by the policies had been destroyed; each of the appellants sent its adjuster to the scene to investigate the facts and circumstances. That what is called a "non-waiver" agreement was signed by the insured and both of the adjusters, acting for each of the appellants; that during one of their visits to see appellee and the situation at the place of the fire, appellee discussed with them why the companies had not paid the loss; appellee was asked this question by his counsel: "Q. Did they—either of them or both of them give you any reason why they wouldn't pay? A. They said I hadn't kept the proper records." We believe that under the facts before us, this amounted to a denial of liability by the appellants. Both appellants are corporations and no question is raised here as to the authority of the adjusters to represent them in the matter. We note also that each of the appellants answered and plead at length the provisions of the policy which provided for the keeping of records, books, files and invoices, as provided by the policy which is termed the "Record Warranty Clause" in the policy. A lengthy cross-examination was given to appellee in this respect, all leading us to believe that they were predicating their rights upon that point. This theory was advanced by the adjusters when they told appellee, in effect, that the reason the companies had not paid him was because he had not kept the proper records.

In Aetna Insurance Co. v. Fitze, 34 Tex. Civ.App. 214, 78 S.W. 370, writ refused, the attorney of the insurance company wrote a letter to the attorney of insured, in which he insisted that all the terms and conditions of the policy should be complied with and that the, "iron safe" clause had not been complied with by the insured. It was held that the letter, among other things, was admissible to show a denial of liability rendering it unnecessary to furnish proofs of loss. In view of the holding of the court in the last cited case, we deem it unnecessary to discuss the point advanced by appellants that because of the non-waiver agreement, statements made by the adjusters could not be construed as a denial by appellants of liability. There is nothing in the non-waiver agreement which would prevent the adjusters from binding their principals by the declarations made.

We see no error in this record for which the judgment should be reversed. For the reasons shown, all assignments have been considered and are overruled. The judgment of the trial court is affirmed.