146 So.2d 760 (1962)
George SHEEHAN and Ruth M. Sheehan, His Wife, Appellants,
v.
Renne Emsley ALLRED, John L. Lee and Mahalie Lee, His Wife, Appellees.
No. D-144.
District Court of Appeal of Florida. First District.
November 15, 1962.
Rehearing Denied December 10, 1962.
*761 Emerson L. Parker, of Parker, Parker & Battaglia, Madeira Beach, and Gilman M. Hammond, Pinellas Park, for appellants.
A. Frank O'Kelley and H.O. Pemberton, of Keen, O'Kelley & Spitz and W.K. Whitfield, Tallahassee, for appellees.
WIGGINTON, Judge.
This appeal by the plaintiffs in an automobile negligence action is from a final judgment entered upon a jury verdict rendered in favor of the defendants. The principal point on appeal questions the correctness of the trial court's ruling which denied plaintiffs' motion for a directed verdict on the issue of liability at the conclusion of all evidence.
The complaint charges defendants with the negligent operation of their respective motor vehicles on an open state highway whereby defendant Allred's vehicle struck defendant Lees' vehicle from the rear, causing the latter to be propelled into the rear of plaintiffs' vehicle at a time when all three vehicles were traveling in a northerly direction on the highway. Defendants' respective answers to the complaint interpose the defenses of general denial and of contributory negligence.
At the time plaintiffs moved the court for a directed verdict in their favor on the issue of liability, the evidence considered in a light most favorable to defendants revealed the following factual situation. Plaintiff wife was driving her automobile in a northerly direction along a two lane state highway. She was followed by the vehicle owned by defendant John L. Lee then being operated by his wife, Mahalie Lee. Following both of these vehicles was the vehicle owned and operated by defendant Allred. Allred was driving at a faster rate of speed than were the two forward vehicles and as he approached from the rear he attempted to pass them. He turned his vehicle to the left side of the highway preparatory to passing the slower moving vehicles without sounding any warning of his approach and just as he reached the rear of the Lee vehicle the latter likewise attempted to pass plaintiffs' vehicle which was traveling at a slow rate of speed, or had actually come to a stop in the highway. The right front side of the Allred vehicle struck the left rear of the Lee vehicle causing the latter to be propelied into and upon plaintiffs' vehicle resulting in the damages alleged in the complaint. Allred testified he was not forewarned that Lee intended to pass plaintiff, and that had not the Lee vehicle turned to the left and into Allred's lane of traffic the latter would have been able to pass both forward vehicles without difficulty or incident. Mrs. Lee testified that before turning to her left in an attempt to pass plaintiffs' vehicle she looked into her rear view mirror, but did not observe any vehicle approaching from the rear. She stated that had her vehicle not been struck by Allred's vehicle at the moment she attempted to pass plaintiffs' automobile she would have been able to accomplish her intended purpose without difficulty or incident. A disinterested witness, one Metcalf, testified that he was following the Allred car by some three or four hundred yards when he saw Allred move to the left side of the highway to pass the two slower moving vehicles then in the lane of traffic. Metcalf said he saw the brake light on the Sheehan car illuminate some thirty seconds prior to the collision, but that it never came to a halt until after it was struck. He estimated that Allred was some four car lengths behind the Lee vehicle when the latter pulled out of the lane of traffic to pass the Sheehan automobile.
It was on the foregoing state of the evidence that plaintiffs made a "motion for a directed verdict in their favor on the issue of liability, submitting to the jury for its determination the question of which of the defendants was guilty of negligence that proximately caused the collision, or whether both defendants were jointly guilty of such negligence." This motion was denied by the trial judge, which denial forms the principal point of this appeal.
*762 Appellees earnestly contend that this court is precluded from considering the foregoing point on appeal for the reason that appellants failed to move for a new trial and procure a ruling thereon, prior to filing their notice of appeal. They cite as authority in support of this position those decisions which hold that assignments of error directed to a verdict or to a judgment entered on or pursuant to a verdict cannot support questions involving consideration of the sufficiency or weight of the evidence unless such questions have first been presented to the trial judge by a motion for new trial and an adverse ruling entered thereon.[1] We do not consider that the principle of law urged by appellees is applicable to the facts in this case. Appellants do not question the weight of the evidence to support the verdict and judgment. It is their position that there is in this record a complete absence of any evidence from which the jury could have lawfully concluded that the collision in question proximately resulted from any contributory negligence of plaintiffs. This was a point which was raised by plaintiffs' motion for directed verdict on the issue of liability. In ruling adversely to plaintiffs on this motion, the trial judge at that time considered the evidence which had been adduced during the trial and concluded as a matter of law that there was sufficient evidence in the record to support a verdict favorable to defendants. Under these circumstances it was not necessary for plaintiffs to have filed a motion for new trial in order to have the court's ruling on this motion reviewed on appeal. In the Furr case[2] this court considered the correctness of a trial court's order granting a directed verdict at the conclusion of the evidence despite the fact that no motion for new trial had been filed by appellant subsequent to the entry of the verdict. In that case this court said:
"On the other hand, when the trial judge has this opportunity in his consideration of a motion for a directed verdict at the close of all of the evidence and exercises the power of directing a verdict on the basis of a legal conclusion as to the sufficiency or insufficiency of the evidence, then his ruling can be reviewed without the necessity of an intervening motion for a new trial.
"The rule appears to be clear that when a trial judge passes upon a motion for a directed verdict at the close of all the evidence he thereby arrives at a conclusion of law rather than of fact. In other words, his judgment is grounded on the proposition that viewing the evidence in its aspects most favorable to the party against whom the verdict is directed, it necessarily follows as a matter of law that such party could not be successful if the evidence were submitted to the jury. The conclusion reached by the trial judge under such circumstances is a conclusion of law resulting from the presence of a state of facts which permits of no other legal result. Warner v. Goding, 91 Fla. 260, 107 So. 406; Greenberg v. Post, 155 Fla. 135, 19 So.2d 714."
Appellees contend that our ruling in the Furr case is not applicable here for the reason that in Furr the motion for directed verdict was granted, whereas in this case it was denied. We do not perceive that this distinction alters the applicability of the rule to the facts in this case. If it were appellants' contention that the verdict is contrary to the manifest weight of the evidence and the justice of the cause, the sufficiency and weight of such evidence could not be reviewed on this appeal in the absence of a motion for new trial by appellants, and an order denying the same.[3] It is not appellants' position that they should have a new trial because of the foregoing reason, but that the court erred in denying *763 their motion because there is no evidence present in the record which can lawfully support the verdict rendered by the jury in favor of defendants.
We have carefully reviewed the record but fail to find any evidence of negligence attributable to plaintiffs which could have been lawfully found by the jury to be the proximate cause of the collision. Appellees invite attention to the conflicting evidence which tends to show that plaintiff brought her vehicle to a stop on the highway directly in the lane of traffic, thereby making it necessary for each of the defendants to pass her. It is suggested that plaintiff's act of stopping her vehicle in the highway is a violation of the statute and constitutes an act of negligence which bars recovery.[4] Even should plaintiff's act of stopping her vehicle in the highway constitute negligence, the evidence affirmatively establishes that such negligence, if any, was not the proximate cause of the collision and the ensuing damages suffered as a result thereof. The Lees testified that they were several hundred feet from plaintiffs' vehicle when they thought it had come to a stop in the highway. They testified that had not their vehicle been struck by Allred from the rear, they would have been able to pass plaintiffs' automobile without difficulty. Of similar import was the testimony adduced by Allred. The jury could not have lawfully concluded that plaintiffs' negligence, if any, contributed to or was the proximate cause of the collision. The only function which the jury could have properly performed under the evidence in this record was to determine whether Allred or Lee, or both, were guilty of the negligent act which proximately caused the collision out of which plaintiffs' damages arose. We reach this conclusion based upon an analysis of the evidence which affirmatively establishes that the collision in question resulted exclusively from an act of negligence committed either by Allred or Lee, or both. The evidence is not susceptible of the conclusion that the collision did or could have been the result of unavoidable accident.
In the Budgen case this court said:
"Where there is some substantial evidence to support a verdict for one party, a directed verdict for the other party should not be granted merely because a preponderance of the evidence favors the movant. Furthermore, a party who moves for a directed verdict admits not only the facts proved by the evidence adduced, but also admits every conclusion favorable to the adverse party that the jury might fairly and reasonably infer from the evidence. And, when there is room for a difference of opinion between reasonable men as to the existence of evidentiary facts from which an ultimate fact is sought to be established, or when there is room for such difference as to the inferences which might reasonably be drawn from conceded facts, the court should submit the case to the jury for its finding. It is the jury's conclusion that should prevail in such case, and not the views of the judge."[5]
We further held, however, that if no evidence is introduced upon which the jury may lawfully find a verdict for one party, then a verdict may be directed for the opposite party.
Reverting to the question presented for our decision can it be said that the trial judge erred in denying the motion made by plaintiff for a directed verdict on the issue of liability, leaving it to the jury's determination as to which defendant, or whether both defendants jointly committed the act of negligence which was the sole proximate cause of the collision. The answer to this question involves a determination as to whether a trial judge may properly grant a motion for directed verdict on the issue of liability in favor of a plaintiff without at the same time designating the defendant *764 or defendants against whom the verdict shall be directed.
The directed verdict as now employed is a mere fiction in that when a motion therefor is granted, there is in truth no verdict but merely the determination of the court on a question of law. The purpose of such a motion is to enable the court to determine whether there is any question of fact to be submitted to the jury on any of the issues involved in the case, and whether any verdict other than the one directed would be erroneous as a matter of law. The motion has been variously characterized as a request for a directed verdict, a peremptory instruction or an affirmative charge. By whatever name it is called, it is essentially a procedural device by which an issue made by the pleadings is withdrawn from the jury's consideration when the evidence establishes without conflict that the moving party is entitled to judgment on the issue as a matter of law. It is designed to save the time and trouble involved in a lengthy jury determination. The established rule is that where the evidence of a claimant is clear, uncontradicted, self-consistent, and unimpeached, the jury will not be allowed to disbelieve his witnesses, even though they may be interested, and a directed verdict should be granted in his favor.
Where, as in the case we now review, the evidence affirmatively establishes that plaintiff is free of any negligence which could be held to have been the proximate cause of or contributed to the collision out of which her damages arose, there is no reason why this issue should be submitted to the jury to be considered in light of the defenses of contributory negligence and general denial. In response to plaintiff's motion the trial judge properly should have granted it on the issue of liability insofar as any claimed or alleged negligence on the part of plaintiff was concerned. The court could not, however, properly direct the verdict against either or both of the defendants under the evidence revealed by this record. Under one view of the evidence which the jury might properly have taken it could have found that the defendant Lee was guilty of an act of negligence which proximately caused the collision,[6] in which event a verdict against Lee and in favor of defendant Allred would have been justified. Under another view which the jury may have taken of the evidence, it could have found that it was Allred's negligence which proximately caused the collision,[7] in which event the verdict could have been against him and in favor of Lee. The evidence is furthermore susceptible of a third view which the jury could have lawfully taken and found that both Lee and Allred were guilty of negligent acts which jointly contributed to and were the proximate cause of the collision in which event a verdict against both defendants would be proper. We perceive of no sound reason why the issue of plaintiff's negligence should not have been withdrawn from the jury's consideration in pursuance of its motion for a directed verdict on this issue, and the case submitted to the jury for the sole purpose of determining liability between the defendants and fixing the amount of damages to which it might find the plaintiffs entitled. The action of the trial judge in submitting this issue of law to the jury for its consideration along with the other disputed factual issues involved in the case could have no effect other than to confuse the jury and deprive the plaintiff of a fair trial. It is therefore our view that the trial judge erred in denying plaintiffs' motion for directed verdict and in submitting the case to the jury on all issues raised by the pleadings. The judgment appealed is accordingly reversed and the cause remanded for a new trial consistent with the views expressed herein.
Reversed.
CARROLL, DONALD K., C.J., concurs.
STURGIS, J. dissents.
*765 STURGIS, Judge (dissenting).
It is elemental that the plaintiff in a tort action against multiple defendants may become entitled to a directed verdict against one or more but not necessarily all of the defendants, and "Therein lies the tale" of this case.
At the close of the evidence plaintiffs moved for
"a directed verdict in their favor on the issue of liability, submitting to the jury for its determination the question of which of the defendants was guilty of negligence that proximately caused the collision, or whether both defendants were jointly guilty of such negligence."
It is seen that movants recognized, as the majority holds and as I agree, that the evidence before the jury on the critical issue of liability was such as to preclude a directed verdict against either of the specifically named defendants. The motion is not couched in language to produce that result, and in line with that premise the majority holds, as I also agree, that under the evidence the jury might properly have found (1) that the defendant Lee was guilty of an act of negligence which proximately caused the collision, "in which event a verdict against Lee and in favor of defendant Allred would have been justified," or (2) "that it was Allred's negligence which proximately caused the collision, in which event the verdict could have been against him and in favor of Lee," or (3) that both defendants were guilty of negligent acts proximately causing the collision "in which event a verdict against both defendants would be proper." This holding becomes meaningless, however, when implemented by the rule of the majority to the effect that the jury must bring in a verdict of guilty against one or both defendants on the issue of liability. It is axiomatic that it is the exclusive province of the jury to resolve disputed questions of material fact. If this prerogative is to be indirectly nullified, it should not be done by way of the see-saw rule promulgated in this case, but rather by force of the general rule which permits a directed verdict against a party who is bereft of evidence upon which a verdict in his favor might be sustained. The rule in question allows the anomalous and incongruous result that when passing on the evidence as it applies to either of the defendants the jury may properly find that his negligence did not proximately result in the collision, but when the question of actionable negligence is considered as to the other defendants, as the jury must do in performing its duty, one of the defendants must as a matter of law be found guilty of actionable negligence. Here is an undeserved premium to him whose cause is first considered! If we are to have that sort of tape measure, the scale should at least be uniform. In my opinion the rule is so illogical as to confuse rather than simplify pleading and practice. Strangely enough  considering the depth of negligence actions  the appellant has not favored us with any citation of authority, the majority mentions none, and my independent research has not revealed a similar rule under common law or code practice and procedure in Florida, or in our sister states or federal practice.
I am in accord with the purpose of a traditional motion for directed verdict as stated by the majority. I do not, however, equate the purpose of the novel motion in this case with the traditional motion for a directed verdict or with the function of a motion for new trial. The distinction, though at times nebulous to the point of distraction, has been carefully preserved by our case law. As plaintiffs did not move for a new trial, it would be both conjectural and fruitless to speculate upon what would have been the result if such motion had been made. We are concerned with the sole question of whether the subject motion for a directed verdict was properly denied.
I entertain the view that a motion for a directed verdict in a tort action involving *766 multiple plaintiffs or defendants must necessarily test the evidentiary situation as it relates to a particular party and that where in fact or by reasonable inference it is sought against less than an entire class or the alternative of the motion so permits, as in the case on review, it must identify with certainty the party or parties against whom it is sought, thus affording an opportunity to conveniently oppose the motion and, of equal importance, affording the court a fair opportunity to apply the evidence and controlling law to the posture of the party to be affected by the result.
While we have found no authority precisely in point with the problem with which we are confronted on this appeal, I do find persuasive precedent in related causes, which in my opinion indicates that the motion in the case on appeal was properly denied. The motion should not be ambiguous. Thus, in Firor v. Taylor, 116 Md. 69, 81 A. 389, which was a negligence action for injuries to plaintiff, the evidence was sufficient to entitle plaintiff to recover against defendant "F". The trial court denied the request of co-defendant "S" to charge that there was no evidence legally sufficient to entitle plaintiff to recover, and that the jury's verdict should be for defendant "S". The court of appeals held that the request was properly refused as calculated to mislead the jury to believe that there was no evidence sufficient to sustain a verdict against "F". Where the suit is in tort and not in assumpsit, the court may direct a verdict for plaintiff against one of the defendants. Costello v. Ten Eyck, 86 Mich. 348, 49 N.W. 152, 24 Am.St.Rep. 128.
The general rule governing a directed verdict for plaintiffs where there are a number of defendants is that where there is a case made out for defendants against any plaintiff or plaintiffs, a direction for plaintiffs jointly, or generally against the defendant or defendants, is improper, and a refusal to direct is proper. Bilsky v. Sun Ins. Office Ltd., of London, England, 231 Mo. App. 1072, 84 S.W.2d 171; Wheeler v. Wheeler, 139 Ga. 604, 77 S.E. 875; Hulsey v. Hulsey (Tex.Civ.App.), 42 S.W.2d 179.
As has been noted, I agree with the majority in holding that the jury in the case on review might have properly returned its verdict against either Lee or Allred or against both. The converse proposition is inherent in that holding. The jury might have returned its verdict in favor of either or both. Obviously, it would have been improper to direct a verdict against either defendant.
In Hulsey v. Hulsey, supra, certain heirs sued the remaining heirs for partition of a tract of land inherited from a common ancestor. One of the defendants interposed a plea of limitation as against the plaintiffs and her co-defendants. The case was submitted to the jury on special issues which were answered in favor of said defendant and the plaintiffs appealed the resulting judgment on the ground, inter alia, that the court erred in refusing to give appellants' peremptory instruction for a verdict. In affirming the judgment the court, in discussing the position of Mrs. Sarah Woods, one of the plaintiffs, said:
"* * * we have some doubts that the nature of appellee's possession and the notice of her adverse claims to the land were ever brought home to Mrs. Sarah Woods, who has at all times resided in the state of Georgia, but as to her we have concluded that the judgment must likewise be affirmed for the following reasons: She joined all of the other appellants in making a joint motion for an instructed verdict and also a joint motion to set aside the verdict of the jury and the judgment thereon on the grounds that the evidence `wholly failed to show any notice to the plaintiffs' of an adverse claim. The facts of the case did not justify such a contention. The motion was not good in the case of a majority of the plaintiffs, and we do not think it was *767 good as to any unless it be the plaintiff Woods, but since she has made common cause with the appellants in making a joint motion with them in the above respects and for the same reasons, and did not ask any instruction exclusively in her own behalf or make any such motion, the said motions were properly overruled and for the same reason the assignments and propositions must be overruled as to her."
There is another aspect of this appeal which in my opinion requires affirmance. Viewing the favorable verdict and judgment from the position of either defendant, standing alone, the majority holds and I agree that such verdict and judgment would be unassailable. According to my notion, the same principle applies to the independent position of the other defendant. How then can it be said that material error results when that concept is applied to both defendants, especially when we are also in accord that the evidence does not permit a directed verdict against either defendant and when it is apparent that the subject motion does not contemplate any such result?
If the motion in question had been granted, the jury would have been coerced to return a verdict against one or both of the defendants, even though it might have determined  as the verdict here conclusively implies  that the facts did not warrant a verdict against either. It is therefore apparent that had the subject motion been granted, the jury would have been confronted with the dilemma of determining which of the innocent defendants should get the ax, a concept unprecedented in the law. This in my opinion illustrates both the fallacy of the novel appendage to the law, as promulgated by the rule of the majority, and the logic of adhering to the timehonored concept that a motion for a directed verdict must be addressed to the posture of a particular party to the cause, I suggest that it is a contradiction in terms as well as in fact to adopt a rule which has the effect of holding that if defendant Lee or defendant Allred had been sued separately and the same facts developed as in this case, each would have been entitled to the benefit of a verdict and judgment in his favor, but having been jointly sued, at least one is deprived of that benefit.
In my opinion the trial court was eminently correct in denying the subject motion and since there is no other issue on appeal, I would affirm the judgment in all respects.
I therefore respectfully dissent.
NOTES
[1] Red Top Cab & Baggage Co. v. Grady (Fla.App. 1958), 99 So.2d 871.
[2] Furr v. Gulf Exhibition Corporation (Fla.App. 1959), 114 So.2d 27.
[3] Ruth v. Sorensen (Fla. 1958), 104 So.2d 10.
[4] F.S. Section 317.44. F.S.A.; Byrd v. Connelly (D.C.), 117 F. Supp. 820.
[5] Budgen v. Brady (Fla.App. 1958), 103 So.2d 672.
[6] F.S. Sec. 317.29(2), F.S.A.
[7] F.S. Sec. 317.29(3), F.S.A.; F.S. Sec. 317.62(1), F.S.A.