PER CURIAM.
Plaintiff, Blakely, appeals from a final judgment rendered after a jury verdict for all defendants in her personal injury suit. Blakely assigns as reversible error the denial of her motions for a directed verdict and for a new trial.
Blakely was riding as a passenger in a bus owned by defendant, Metropolitan Transit Authority, and driven by defendant, Lonny B. Johnson. The bus was involved in an accident with a car driven by defendant, Pahler.
There was conflicting evidence as to the cause of the accident. Some of the witnesses testified the bus was traveling west in the right, or curb, lane when a car driven in a westerly direction in the left lane by Pahler made a right turn in front of the *141 bus, causing the bus to collide with the rear end of the car. Pahler testified he was in the right, or curb lane making a proper right turn when the bus collided with the rear end of his car.
At the close of all the evidence Blakely moved for a directed verdict as to liability of one or both of the defendants. Defendants objected saying there was a jury question as to whether either of the defendants were negligent or whether their negligence was the proximate cause of any damages to plaintiff. The motion for directed verdict was denied. See Bryan v. Loftin, Fla.1951, 51 So.2d 724; Sparks v. Ober, Fla.App.1968, 216 So.2d 483; and Massaline v. Rich, Fla.App.1962, 137 So.2d 10.
Blakely argues the trial court should have ruled as a matter of law that Pahler or Johnson, or both, were guilty of negligence proximately causing her damages. Such action by the trial judge would have invaded the province of the jury in our opinion. See 32 Fla.Jur. Trial §§ 84, 92, 94 and 95. The judge might have directed a verdict for Pahler; the jury, on the other hand, might have found him liable and the same logic applies to Johnson. If the judge directed a verdict against both defendants the jury may have found liability only against one.
Blakely submits reversal is required under Sheehan v. Allred, Fla.App.1962, 146 So.2d 760. In Sheehan, the court made the following statement pertinent to its use as authority for the reversal of the order denying a directed verdict in the case, sub judice:
“The court could not, however, properly direct the verdict against either or both of the defendants under the evidence revealed by this record.” P. 764
Assuming that Sheehan may be argued as authority for reversal we, although giving it great weight and respect, decline to follow the majority opinion. Cf. Gulle v. Boggs, Fla.1965, 174 So.2d 26; Stark v. Vasquez, Fla.1964, 168 So.2d 140; Bryan v. Loftin, supra; and Sparks v. Ober, supra.
Blakely argues the jury verdict was contrary to the manifest weight of the evidence and she is, therefore, entitled to a new trial. Cloud v. Fallis, Fla.1959, 110 So.2d 669.
The jury may have found that the damages allegedly suffered by Blakely were not proximately caused by any injuries resulting from this accident.
We, therefore, affirm the final judgment herein appealed.
Affirmed.