PARHAM, Associate Judge.
These consolidated appeals are taken from a final judgment entered below in favor of the Plaintiffs-Appellees, Janice S. Davis and Kenneth Davis. Judgment was entered pursuant to a jury verdict against Defendants, Dunn (and Allstate, her carrier), Jackson (and Cavalier, his carrier), and Sobik’s (and State Farm, its carrier). The jury verdict was in favor of a fourth defendant, School Board of Seminole County (and Travelers, its carrier). Timely motions for new trial were heard and denied.
Suit in the trial court was filed by Plaintiffs, Janice and Kenneth Davis, against Dunn, Jackson, Sobik’s and the School Board, together with their respective insurance carriers. The complaint alleged a multiple car collision involving vehicles of Jackson, Sobik’s and Dunn. A school bus was allegedly parked on or near the highway and was alleged to have been a contributing cause of the accident. The plaintiff was in the Dunn vehicle.
This litigation resulted from a three vehicle collision occurring on February 12, 1973, at approximately 9:00 a.m. on State Road 436. At the point of the accident, State Road 436 was a four-lane divided highway and all three vehicles involved were travelling at the same direction at the time of the accident.
A substantial time prior to any collision occurring, a school bus of Defendant, School Board, had stopped for an injured dog on the roadway.
There was testimony at the time of the collisions that the school bus was off the road surface but there was also testimony to the contrary.
The first vehicle involved in the collision was a Buick operated by Defendant, Jackson. Jackson testified that the school bus was stopped partially on the roadway with a stop arm out and lights flashing and that he, therefore, brought his vehicle to a gradual stop behind the school bus in the inside west-bound lane. He further testified that he heard two impacts then occur behind him but that he felt the second impact to his car which knocked him forward a substantial distance. The investigating officer, Trooper Sullivan, testified that it was his “opinion” that Jackson’s Buick was *225 moving slowly at the time it was hit from the rear.
Testimony was unavailable from the driver of the Sobik’s truck, but the Sobik’s truck struck the rear of Jackson’s Buick at a point approximately in the inside lane next to the school bus.
The third vehicle involved was a Mustang operated by the Defendant, Dunn, and in which the Plaintiff, Janice Davis, was a passenger.
Defendant, Dunn, and the third passenger in her vehicle, Ruth Brooks, both testified that as their Mustang approached the point where the accident was to occur, they were passed by a Sobik’s truck on the inside lane going somewhat faster than they. Both Mrs. Dunn and Mrs. Brooks testified that their speed was 45 to 50. After the Sobik’s truck passed, Mrs. Dunn pulled into the inside lane behind the Sobik’s truck because she could see ahead that the school bus was “either in or partly in the right lane”.
A few seconds later, with the Sobik’s truck approximately three car lengths ahead of her, she realized that the Sobik’s truck had stopped or was stopping, slammed on her brakes and cut to the left. She skidded but was unable to stop and impacted with the rear of the Sobik’s truck.
The principal point on appeal is whether the Circuit Court erred in granting Plaintiff’s motion for directed verdict against one or all of the defendants when the evidence would not justify a directed verdict against any one of the defendants separately.
At trial, Plaintiff moved for a directed verdict against all Defendants at the close of the testimony. Although the trial judge initially denied this motion, prior to closing argument and instructions to the jury, the trial judge reversed himself. The court granted Plaintiffs’ Motion for Directed Verdict not against any individual Defendant but by ruling that Plaintiff had a right to recover against somebody, to wit, one or more of the Defendants. The trial judge at the time acknowledged that had the Defendants been sued individually, he did not believe that he could have granted the directed verdict.
In order to direct a verdict for the Plaintiff, it must be apparent to the judge that no sufficient evidence has been submitted on which the jury could legally find for the Defendant against whom a verdict has been directed. 32 Fla.Jur., Trials, Section 83-84. Authority to direct a verdict should be exercised with caution. 32 Fla.Jur., Trials, Section 84.
In this case, the trial judge directed the verdict, not against any particular Defendant, but for the Plaintiff. This is violative of the general rule on directed verdicts and that each Defendant presented evidence that tended to show their individual lack of fault. When a directed verdict is in favor of one party it must by necessity and logic be directed against some other party. In this case each Defendant’s defense should have been a jury question.
“It is error for a trial court to direct a verdict unless there is no evidence nor any reasonable inference which may be drawn from the evidence which would support a jury verdict in favor of the party moved against (emphasis supplied).” Kelly v. Millers of Orlando, (Fla.App.4th, 1974) 294 So.2d 704.
“In other words, his judgment is grounded on the proposition that viewing the evidence and its aspects most favorably to the party against whom the verdict is directed, it necessarily follows that as a matter of law that such party could not be successful if the evidence were submitted to the jury.” Furr v. Golf Exhibition Corp., (Fla.App.1st, 1959) 114 So. 2d 27.
Primary reliance before the trial court was on the First District Court of Appeal decision of Sheehan v. Allred, (Fla.App. 1st 1962) 146 So.2d 760. The case directly *226 in opposition thereto and in support of Appellant’s argument is the Third District Court of Appeals decision of Blakely v. Pahler, (Fla.App.3d, 1971) 253 So.2d 140. Blakely specifically disapproved and rejected the logic of the Sheehan case if the Sheehan case is interpreted as relied upon by Plaintiff-Appellee.
Both the Sheehan case, Supra, and the Blakely case, Supra, involved multiple Defendants in similar factual situations to those at bar with a motion by Plaintiffs’ counsel for directed verdict as to one or more of the Defendants, the jury to determine which ones.
Careful analysis of the Sheehan case does not lend direct support to Plaintiff-Appellee’s proposition. Plaintiff in the Sheehan case made the motion for directed verdict, which was denied and there was, in fact, a reversal. However, the trial court in Sheehan submitted to the jury the question of Plaintiffs’ contributory negligence and Appellant submits that Sheehan in fact is a holding only on the contributory negligence question. The court in Sheehan stated in part as follows:
“Where . . . the evidence affirmatively establishes that Plaintiff is free of any negligence which could be held to have been the proximate cause of or contributed to the collision out of which her damages arose, there is no reason why this issue should be submitted to the jury to be considered in light of the defenses of contributory negligence and general denial. In response to Plaintiff’s motion the trial judge should properly have granted it on the issue of liability insofar as any claimed or alleged negligence on the part of plaintiff was concerned. The court could not, however, properly direct the verdict against either or both of the Defendants under the evidence revealed by this record.” (At 764)
Sheehan therefore was authority only to the effect that the court should have granted a directed verdict as to the affirmative defenses raised. To further clarify, Judge Sturgis dissented with an opinion. He stated therein that Motion for Directed Verdict such as that granted by the trial court at bar was inappropriate, noting:
“I entertain the view that a Motion for Directed Verdict in a tort action involving multiple Plaintiffs or Defendants must necessarily test the evidentiary situation as it relates to a particular party

“The general rule governing a directed verdict for Plaintiffs where there’s a number of Defendants, is that where there is a case made out for Defendants against any Plaintiff or Plaintiffs, a direction for Plaintiffs jointly, or generally against the Defendant or Defendants, is improper, and a refusal to direct is proper (citations omitted).”
The identical issue was faced much more recently by the third district in Blakely, Supra. In a per curiam opinion therein the third district affirmed denial of a Motion for Directed Verdict such as that which was granted at bar. Plaintiff in Blakely, Supra, had moved at the close of all evidence for a directed verdict “as to liability of one or both of the defendants”. Therein, as a bar, there was no evidence of Plaintiff’s negligence. The Plaintiff, Blakely, had been a passenger in a bus operated by one Defendant which was involved in a collision with a vehicle driven by the other Defendant.
In Blakely, Supra, as a bar, Plaintiff’s primary reliance was on the Sheehan decision. Blakely specifically rejected that opinion of the two majority judges in Sheehan:
“Assuming that Sheehan may be argued as authority for reversal we, although giving it great weight and respect, decline to follow the majority opinion, (citations omitted)”
*227 The court committed reversible error in entering the directed verdict in favor of the Plaintiff, where the factual situation obviously precluded directed verdict against any Defendant individually.
Reversed and remanded for a new trial.
CROSS, J., concurs m conclusion only.
MAGER, J., concurs.