FERGUSON, Judge
(dissenting).
The only evidence that Sandra Livingston had been drinking came from a witness on the scene who said, incredibly, that he could smell alcohol in body fluids which oozed from the victim’s open wounds. Two paramedics who attended to the victim testified that they could smell alcohol on the breaths of the two male companions, but there was no indication that Livingston had been drinking. Certainly, there was not a scintilla of evidence that she was under the influence of alcohol.
Even if Miss Livingston had been drinking, that fact was not shown to be a contributing factor to her injury, and served only to prejudice her cause of action. Other facts emphasized by the defendants, such as that Livingston and her two male companions were seen conversing with two black males in a Thunderbird parked off the road shortly before the accident, had no relevance other than to portray the victim and her companions in a bad light.
It is undisputed in the record that before the van became disabled, Livingston was a backseat passenger. When the men were unsuccessful in removing the heavy vehicle off the road, with one steering and one pushing, they asked Livingston to steer while they both pushed. The two men got the vehicle partially off the road and removed themselves from the danger of the oncoming tractor trailer. When struck by the speeding eighteen-wheel tractor trailer, only five and one-half feet of the van was still in the roadway. Livingston, unable to sense the danger, and without time to extricate herself from the doomed vehicle, suffered grave permanent injuries when the disabled van was smashed by the truck. No act of comparative negligence on the part of Livingston was established by competent evidence.
In my view, there was no evidence tending to prove that Livingston, aside from her companions, committed an act of negligence. For that reason, the issue of comparative negligence should have been taken away from the jury and decided as a matter of law. See Sheehan v. Allred, 146 So.2d 760 (Fla. 1st DCA 1962) (where evidence affirmatively establishes that plaintiffs were free from any contributory negligence, trial judge should have granted plaintiffs’ motion for directed verdict on liability issue).