Opinion by
 

 Keller, P. J.,
 

 The plaintiff, Sam Rigberg, conducts a paint store at Germantown and Hunting Park Avenues, Philadelphia.
 

 On June 13, ,1939, as a result of a collision between two automobiles, one owned and driven by the defendant, George S. Truskey, and the other driven by the defendant, Gladys Sayres-, the former’s automobile smashed into the front window of plaintiff’s store and caused him damage. He brought an action of trespass against them both, claiming that their concurrent negligence was the cause of his damage.
 

 The jury rendered a verdict in his favor for $350 as against the defendant Sayres, and for the defendant as
 
 *511
 
 to Truskey. The court refused Miss Sayres’ motions for judgment non obstante veredicto and for a new trial. She appealed from the judgment on the verdict.
 

 The evidence was such that the jury might have found both defendants negligent. Plaintiff was entitled to a verdict at all events. He had been an1 innocent sufferer of harm. The only question to be determined on the trial was, whose negligence was responsible for the damage; if only one of the defendants was thus negligent the verdict should be against him, or her, alone; if both were negligent, the verdict should be against them both.
 

 The court in one part ,of its charge overlooked the joint liability feature of the case, for it t'old the jury it must decide
 
 which
 
 of the two defendants “was the
 
 one
 
 guilty of negligence in order to allow the plaintiff to recover.” Later, it laid emphasis on the fact that in order to recover, the plaintiff must have been free of negligence, and continued: “The only question that' arises after you have determined the plaintiff is free of all negligence and an innocent sufferer is that you must first be convinced that either one or both of the defendants against whom you may find a verdict must be negligent.” And at the close of the charge, the court said, “On the other hand, if you find that either or both of them [the defendants] are not guilty of negligence, then your verdict must be for the defendant.” It is hard to conjecture just what the jury understood from this last sentence. The court should have instructed the jury that at least one of the defendants was negligent and perhaps both were; for a right-angle collision cannot occur as this one did, without negligence on the part of one, or perhaps both, of the participants. It should also have instructed the jury that the plaintiff was entitled to a verdict against the person or persons who were negligent.
 

 The defendant, Sayres, had testified (p. 33a) that as
 
 *512
 
 a result of the collision her car went off to the left into a pole. When her counsel, in his address to the jury, referred to this testimony, counsel for Truskey objected and said there was no such evidence in the case. Miss Sayres’ counsel contended there was, but-that it was for the recollection of the jury. Instead of. referring to the notes1, the court said: “Disregard it, members of the jury, there is no evidence of any car striking a pole.” The testimony may have been important as accounting for the condition of Miss Sayres’ car. The instructions to the jury to disregard evidence that was properly in the case was error.
 

 It was also Miss Sayres’ contention that traveling north on Germantown Avenue she had entered the intersection with Hunting Park Avenue when the green light was with her, and before Truskey traveling west on Hunting Park Avenue, had arrived at the intersection and that she had the right of way. Truskey’s version was the opposite. But the defendant Sayres was entitled to her requested instruction to the jury respecting the right of way of a person who had thus entered an intersection first and committed himself or herself to the crossing over one just approaching the intersection. The court’s reply, “Members of the jury when a motorist has committed himself to a crossing or intersection it does not relieve him of the responsibility of exercising due care and diligence. There is no reason why .a motorist already in the intersection should lessen his care and diligence; there still remains upon him the incumbency to exercise the same care and diligence that he would otherwise be required to exercise,” did not adequately answer her request.
 

 The seventh and eighth assignments' of error are sustained. The judgment is reversed and a new trial is granted the plaintiff against 'both defendants. See
 
 Stone v. Phila.,
 
 302 Pa. 340, 348-9, 153 A. 550;
 
 Schwartz v.
 
 Jaffe, 324 Pa. 324, 330-31, 188 A. 295.