THORNAL, Justice.
Appellant Williams, one of a group of defendants in-an automobile negligence case, appeals from a verdict and judgment in favor of appellee Smelt, the plaintiff below, naming also as appellees Steinman and Cat-lin, who were co-defendants below but who received a favorable verdict of the jury at the trial.
Smelt filed a complaint for personal injuries and property damage against Williams, Steinman and Catlin. The injury allegedly occurred when the car of Smelt, driven by Steinman, collided with the car of Williams, driven by-the. owner. Smelt had taken his automobile to the garage of Catlin to have it repaired. Steinman, an employee of Catlin, was directed by his employer to “road test” the car to check it. Smelt handed the keys to Steinman who was, therefore, driving the car with the knowledge and consent of the owner. Smelt was sitting on the front seat beside the driver with Catlin sitting on the rear seat of the Smelt car when the collision occurred.
In one complaint Smelt sued Williams, Steinman and Catlin. The complaint outlined the factual background above summarized and then claimed that the injury to Smelt was proximately caused by the negligence of Williams, or in the alternative by the negligence of Steinman, or in the alternative by the concurring negligence of both Williams and Steinman. Catlin was named a defendant because Steinman was his employee acting pursuant to his instructions. Williams counterclaimed against Smelt and crossclaimed against • Steinman and Catlin. The Court denied Williams’ motion to dismiss the complaint and the jury found for Smelt against Williams but in favor of the other defendants.
The obvious effect of the verdict was that the jury found Williams negligent but found Steinman and, therefore, Catlin not negligent. Before the case went to the jury, the trial Judge .denied motions for directed verdicts by all of the parties but he did instruct the jury that if they found that both Steinman and Williams were concurrently negligent, then they could not find against Williams in favor of Smelt for the reason that Smelt would be bound by the negligence of Steinman, the driver of his automobile with his knowledge and consent.
On appeal Williams contends that his motion to dismiss and his motion for directed verdict should have been granted because under the “dangerous instrumentality doctrine” any negligence of Steinman, driver of the Smelt automobile with the knowledge and consent of the owner, was imputable to Smelt and, therefore, under the allegations of his complaint, he (Smelt) was necessarily guilty of contributory negligence as a matter of law. Williams also contends that the facts revealed by the record should lead us to the 'conclusion that Williams was guilty of no negligence as a matter of law, and that, by the same token, Smelt was guilty of contributory negligence as a matter of law.
We are frank to admit that prior to January 1,. 1950, when the so-called new common-law rules became effective, the complaint in this case would have been sub *3 ject to all of the vices- contended against-it by thé appellant. On that daté', however, the Florida Bar rejected its allegiance to the old common-law forms of pleading and practice and announced its alignment with those who subscribe to more liberal rules of pleading in the interest of expediting the administration of justice and bringing causes to a quicker and less expensive conclusion. By 30 F.S.A., Common Law Rule 9(g), which has now been effective since January 1, 1950, the Bench and Bar committed themselves to the following rule of pleading, to-wit:
“ * * * a party may a]so set forth two or more statements of a claim or defense alternatively, either in one count or defense, or in separate counts or defenses. When two or more statements are made in the alternative and one of them, if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has, regardless of consistency, and whether a defense be based on legal or on equitable grounds, or on both. All pleadings shall be construed so as to do substantial justice.” (Emphasis added).
Subsequently on January 21, 1950, this Court approved certain forms of pleading. One of the forms so approved was designated “Form 10”. It provided the form of a complaint for negligence where a plaintiff is unable to determine definitely the person responsible for his injury and permitted such a plaintiff to allege negligence in the alternative against different parties ¿11 in the same complaint.
In Campbell Farms, Inc., v. Zeda, Fla.1952, 59 So.2d 750, we held that under Common Law Rule 17 the joinder of two separate and independent tort actions by separate plaintiffs should not be approved but that the two claims, if brought in separate suits, could have been consolidated for trial without prejudice to the substantial ■ rights of the defendant, and that therefore, the denial of a motion to dismiss on account of the alleged misjoinder of plaintiffs was harmless error.
The examination of the record in the case at bar leads us to the conclusion that if the alternative claims of the appellee Smelt had heen segregated into three separate suits, the causes could have appropriately been consolidated for trial. Although such consolidation would not have resulted in a merger of the causes, see Kight v. American Eagle Fire Ins. Co. of New York, 125 Fla. 608, 170 So. 664, nevertheless, the procedural results would have been identical with those that followed in the instant appeal.
We have carefully examined the instructions given to the jury by the able trial Judge and we find that he cautiously protected the rights of the appellant as against a possible finding of liability to Smelt in the event that the jury came to the conclusion that Williams and Steinman were found guilty of concurrent negligence. The Judge did this by informing the jury that in such event they could not find for Smelt as against Williams. After a thorough examination of the entire record we are not convinced that any harmful error occurred in the handling of the pleadings .and trial by the Court below. It might be that if a motion to strike the third alternative claim of negligence (concurrent negligence of Williams and Steinman) had been filed it would have been granted.. No such motion was filed and under our rules the complaint was not subject to the motion to dismiss.
The verdict of the jury in favor of Steinman, the driver of the Smelt automobile, certainly disposed of any contention that Smelt under the dangerous instrumentality doctrine was guilty of contributory negligence. The evidence has been carefully réviewed in consideration of the contention of the appellant that he was guiltless of negligence as a matter of law. It is not our province to serve as jurors. We find that there was adequate evidence upon which the jury could arrive at the conclusion which they did reach in this case.
We, therefore, hold that the factual dispute as to the existence .of negligence was *4 resolved by the jurors under appropriate instructions by the trial Judge.
Finding no error, the judgment of the lower Court is hereby affirmed.
DREW, C. J., and THOMAS and HOB-SON, JJ., concur.