90 So.2d 614 (1956)
NEW DEAL CAB COMPANY, a corporation, and City of Jacksonville, a municipal corporation, Appellants,
v.
Irene V. STUBBS, Appellee.
Supreme Court of Florida. Special Division B.
November 7, 1956.
Rogers, Towers, Bailey & Jones, Jacksonville, for New Deal Cab Company.
Dwight E. Ogier, Jacksonville, for City of Jacksonville.
Katz & Katz and Walter G. Arnold, Jacksonville, for appellee.
ROBERTS, Justice.
The plaintiff-appellee was injured when the taxicab in which she was riding as a passenger collided at a street intersection with an automobile owned by the City of Jacksonville and being driven by its employee. She sued the New Deal Cab Company, owner of the taxicab, and the City to recover for her injuries sustained in the accident, alleging negligence on the part of each defendant. At the close of all the evidence, the trial judge, upon the motion of the plaintiff, directed the jury to enter a verdict in favor of the plaintiff "in reference to negligence" and instructed them as to the issues to be resolved by them in the following language:
"* * * That means, gentlemen, from now on out in consideration of this case you have two questions. One question is a determination of the amount of damages due this plaintiff. The other determination is which defendant is guilty of negligence, or both. I hope you understand me, gentlemen. As a matter of law the only question in reference to the plaintiff is how much *615 are the damages to be awarded her and the other question is a determination as between the defendants which was negligent or were both negligent causing the injuries to the plaintiff."
The jury returned a verdict in favor of plaintiff against both defendants, judgment was entered, new trial denied, and this appeal has been taken by the Cab Company and the City from the adverse judgment.
On this appeal, the appellants challenge the propriety of the trial judge's action in directing a verdict in favor of plaintiff, contending that "the evidence was conflicting as to the speed of the taxicab and the City car, the force of the impact, and there was evidence produced by the Cab Company and the City tending to prove that either one or both were not guilty of the negligence charged in the Complaint." We do not agree.
The accident happened in broad daylight. The weather was clear and the sand streets were dry. No third persons intervened to cause or contribute to the accident. There is nothing in the record to suggest that the collision was an "unavoidable accident," and there was evidence from which the jury could have found either or both of the defendants to be negligent. In these circumstances, the plaintiff is in the same position as the plaintiff in Rigberg v. Truskey, 146 Pa.Super. 509, 23 A.2d 244, in which the Pennsylvania court said:
"The evidence was such that the jury might have found both defendants negligent. Plaintiff was entitled to a verdict at all events. He had been an innocent sufferer of harm. The only question to be determined on the trial was, whose negligence was responsible for the damage; if only one of the defendants was thus negligent the verdict should be against him or her, alone; if both were negligent, the verdict should be against them both."
Where the entire evidence is of such probative force that the trial court, to give effect to the manifest weight of the evidence and the justice of the cause, should properly have granted a new trial if a verdict had been rendered for the defendant, the trial court will not be held in error for directing a verdict for the plaintiff. American Dist. Electric Protective Co. v. Seaboard Air Line Ry. Co., 139 Fla. 451, 190 So. 820, 823, and cases there cited. This is the case here.
The other questions presented by appellants have been considered, and no error has been found.
Accordingly, the judgment appealed from should be and it is hereby
Affirmed.
DREW, C.J., BUFORD, J., and KNOTT, Associate Justice, concur.