HORTON, Judge.
This appeal is to review a final judgment for the appellee, Catherine Hite, entered by the Circuit Court of Dade County, Florida. The appellee, a pedestrian, sustained personal injuries allegedly caused by the negligent operation of an automobile at the intersection of Jefferson Avenue and 17th Street in the City of Miami Beach, Florida. The appellant made a general denial to the charge of negligence and interposed a plea of contributory negligence. Upon these issues, the cause was submitted to the jury, resulting in a verdict favorable to the appellee.
The appellant has urged three grounds upon which he seeks a reversal of the judgment below, all of which challenge the sufficiency of the evidence, i. e.: (1) The sufficiency of the evidence of the ap-pellee to support a finding that the appellant was guilty of negligence; (2) Sufficiency of the evidence as a whole upon which conclusion could be based that the appellee was injured solely by her own contributory negligence; and (3) Whether or not all the evidence is sufficiently clear to show that the verdict was wrong and that the lower court was in error in denying the appellant’s motions for directed verdict and a new trial.
The entire record in this cause has been carefully reviewed and considered and we find that there was adequate basis upon which the jury could have arrived at the conclusion reached in this case. The test is not what an appellate court would have decided had they been on the jury, but whether or not they can say, after-viewing the case in its most favorable aspect toward the successful litigant, that the jury as reasonable men could not have found the verdict that they did. Merchants’ Transport Co. v. Daniel, 109 Fla. 496, 149 *596 So. 401; Parrish v. Clark, 107 Fla. 598, 145 So. 848; Jennings v. Pope, 101 Fla. 1476, 136 So. 471.
We therefore hold that the factual dispute as to the existence of negligence was resolved by the jurors under appropriate instructions by the trial judge. Williams v. Smelt, Fla.1955, 83 So.2d 1. Accordingly, the judgment of the lower court is hereby affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.