HORTON, Acting Chief Judge.
This appeal is from a final judgment for the appellee-defendants based upon their post-trial motion for judgment in accordance with their motion for directed verdict at the conclusion of all the evidence. The jury had returned a verdict favorable to the appellant-plaintiffs in the amount of $4,000 which was set aside by the final judgment.
This action arose out of an intersectional collision. Appellant-Tillie Ringler was a passenger in a jitney owned and operated by Twin City Transit Co. The jitney was proceeding on a through street when it collided with a vehicle operated by Aida Prado McVeigh and owned by her husband, James J. McVeigh. The McVeigh vehicle came out of a side street which was controlled by a stop sign. The husband of Tillie Ringler joined in the complaint for loss of consortium and reimbursement for medical expenses.
The complaint in this cause contained alternative allegations of negligence. The appellants alleged that the injury was caused by:
1) the negligence of Aida Prado McVeigh acting with the knowledge and consent of her husband, James J. McVeigh, or in the alternative,
2) the negligence of Twin City Transit Co. acting through its agent, or in the alternative,
3) the negligence of both defendants as joint tort-feasors.
*607 No objection was made by any of the defendants to the complaint and the cause proceeded to trial against both.
At the conclusion of all the evidence, the trial judge granted the motion of the appellants for a directed verdict on the issue of liability, and in so doing, commented:
“The Court: I think, unquestionably, there is negligence on one part or the other, according to the testimony, if they believe some of the witnesses. I think it is a jury question as to which one was negligent or whether both were negligent. I think it is conclusive that there was negligence and for that reason I am going to grant the motion.”
Thereupon, the jury returned a verdict of $4,000 for the appellants against the appellees, and found the defendant, Twin City Transit Co., not guilty. In granting the appellees’ motion for judgment in accordance with their motion for directed verdict, the court said, inter alia:
“That the allegations contained in the complaint are contrary to the rules of practice and procedure obtaining in this jurisdiction as prescribed by the Supreme Court of the State of Florida;
“That the complaint undertakes to allege a cause of action in the alternative — first, against the defendants, Aida Prado McVeigh and James J. McVeigh, and in the alternative separately against the defendant, Twin City Transit Co. and thereafter by another alternative the complaint undertakes to allege a cause of action against Aida Prado McVeigh and James J. McVeigh and Twin City Transit Co., a Florida corporation, as joint tort feasors;
* * * * *
“That the evidence produced by the plaintiffs in support of their allegations of negligence on the part of the defendants McVeigh is insufficient to support the verdict or any judgment based thereon, and fails to establish by any preponderance of the evidence any negligence on the part of the defendants McVeigh sufficient to support any verdict against them, either as individual or joint tort feasors liable in damages to the plaintiffs;
“That if the contention be made that the prayer or demand for relief can be considered as applicable and proper based on the allegation of negligence on the part of the defendants McVeigh in paragraph ‘2’ of the complaint, there is a further and additional lack of evidence to support any verdict or judgment based on said demand for judgment.
“The Court further finds that the jury failed to heed the instructions given by the Court as to the law governing their finding against the defendants McVeigh in this cause.”
Final judgment was accordingly entered for the appellees.
The sufficiency of the complaint in this cause was not challenged by the ap-pellees and even so, we are unable to sec wherein it is defective. Since the adoption of the 1954 Florida Rules of Civil Procedure, allegations of liability in the alternative have been specifically provided for by rule 1.8(g), 30 F.S.A. See also Williams v. Smelt, Fla.1955, 83 So.2d 1. We fail to find any indication of improper jury instructions and the failure of the appellees to seriously pursue this point on appeal further bolsters our conclusion that the trial judge’s instructions were correct.
The remaining point concerns the propriety of the final judgment which set aside the jury verdict. At the conclusion of all the evidence the trial judge granted the appellants’ motion on the issue of liability as “ * * * unquestionably, there is negligence on one part or the other * * * ”, while denying the appellees’ motion for directed verdict. Our review of the record compels the conclusion that *608 the evidence adduced was consistent with the trial judge’s first impression and inconsistent with his latter views. The testimony of the various witnesses was conflicting as to whether the appellee, Aida Prado McVeigh, ignored the stop sign controlling the street on which she was proceeding. The appellant, Tillie Ringler, as a passenger for hire, is not subject to the usual defenses that the appellees may urge. Cf. New Deal Cab Company v. Stubbs, Fla.1956, 90 So.2d 614. The trial judge properly submitted the cause to the jury for a determination of liability as between the two defendants or their liability as joint tort feasors.
The judgment is reversed and the cause remanded with directions to enter judgment on the jury verdict.
Reversed and remanded with directions.
PEARSON, J., and MILLEDGE, STANLEY, Associate Judge, concur.