PEARSON, TILLMAN, Chief Judge.
The defendant seeks review of a final judgment based upon a jury verdict for the plaintiff in an action for the purchase price of personal property. We affirm.
The plaintiff sold to the defendant and agreed to install 75 air conditioning units. The written contract of sale called for payment of the purchase price as follows: “Delivery of Shells $2,205.10, Completion $10,000.” Prior to this suit, the defendant had paid all but $5,000. The units were installed; 35 did not operate properly. The plaintiff installed transformers to step up the voltage and the units operated thereafter.
The defendant maintains that the contract was not “complete” as to entitle plaintiff to the balance of the purchase *879 price because: (1) “Completion” means •delivery, installation and initial operation, and since the units did not operate when installed subsequent operation did not “complete” the contract; (2) The evidence conclusively shows that the electric motors on the 35 machines were not at the voltage rating specified in the agreement, and, therefore, the contract was not “complete” even if the machines did operate after transformers were added; (3) The fans on the machines never did function at proper speed. Appellant further argues that since the contract was not complete, appellee was not entitled to payment on the basis of the contract but must recover, if at all, on the quantum meruit theory.
 We have examined the record in the light of each contention. First, we think the court properly construed the word “completion” as the parties to the contract had construed it by their actions. Lalow v. Codomo, Fla.1958, 101 So.2d 390, 393. The defendant early maintained that it was the plaintiff’s duty to provide him with working machines and did not prior to trial take the position that remedial measures would not complete the contract. A party to a contract should not be permitted to require remedial measures and then urge that substantial performance will not satisfy the contract. See Simpson, Contracts § 132 at 474 (1954).
Second, the question as to whether a contract calling for 208 volt air conditioners could be performed by installing machines with 230 volt fan motors was properly left to the jury. Each party submitted expert testimony. There was evidence that this voltage variance would not prevent the machines from operating reasonably, and with the installation of transformers they would operate properly. In this state of the record we will not substitute our judgment for that of the jury. Merchants’ Transp. Co. v. Daniel, 109 Fla. 496, 149 So. 401. Stegemann v. Hite, Fla.App.1957, 96 So.2d 595.
In addition, the plaintiff has raised two other points pertaining to (1) the admissibility of certain evidence which was tendered by defendant and excluded upon objection of plaintiff, and (2) the propriety of a directed verdict for plaintiff upon defendant’s counterclaim. Upon these points it is enough to point out that defendant had not demonstrated reversible error.
Affirmed.