161 So.2d 266 (1964)
SCHIELD BANTUM COMPANY, Inc., an Iowa corporation, Appellant,
v.
James M. GREIF, Appellee.
ALBERT RICKEL, INC., a Florida corporation, and Gevan Nixon, Jr., Appellants,
v.
James M. GREIF, Appellee.
Nos. 62-752, 63-49.
District Court of Appeal of Florida. Third District.
February 25, 1964.
Rehearings Denied March 17, 1964.
*267 Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for appellant Schield Bantum Co., Inc.
Papy & Carruthers, Miami, for appellant Albert Rickel, Inc.
Nichols, Gaither, Beckham, Colson & Spence and Alan R. Schwartz, Miami, for appellee.
Before CARROLL, TILLMAN PEARSON and HENDRY, JJ.
PER CURIAM.
These consolidated appeals are by defendants from a judgment based on a verdict won by the plaintiff-appellee in a motor vehicle accident case. Plaintiff was injured when his vehicle, stopped by a traffic signal, was struck from the rear by another motor vehicle, a mobile crane. The latter vehicle had suffered a brake failure caused by damage to a brake line which ran along the top of an axle instead of on the side. The action was against the manufacturer, the owner and the driver. The jury verdict was for the plaintiff and against all the defendants. After hearing argument and considering the briefs and record we find no reversible error as to liability but we reverse the judgment and remand for new trial on damages. Prejudicial error was committed at the trial when defendants were not allowed to show in evidence that for an injury received some years earlier the plaintiff had been assigned a 25% permanent partial disability in a workmen's compensation case in Kentucky, and that some months prior to trial the plaintiff had written to the Kentucky Workmen's Compensation Board requesting to have his case reopened. See Central Mutual Insurance Company v. Newman, Fla.App. 1960, 117 So.2d 41; Corbett v. Berg, Fla.App. 1963, 152 So.2d 196. The plaintiff had testified that for the past two years his condition of health was perfect. At the trial the evidence as to the extent of his injuries was not without conflict. Doctors who testified were not in agreement on disability percentages. The prior injury was brought out, and aggravation thereof was an element for consideration. The damages awarded were considerable. As appellants contend, there is no way of knowing whether the amount of the verdict would have been different if the jury had been shown this relevant evidence offered for the purpose of impeachment and to show that plaintiff's condition prior to the accident may not have been as he testified. Accordingly, the judgment is reversed and the cause is remanded to the *268 circuit court for a new trial on damages only.

ON PETITIONS FOR REHEARING
PER CURIAM.
Appellants, petitioning for rehearing, suggest that on holding there was no reversible error as to liability and in granting a new trial on damages only, this court (1) overlooked the contention of appellants that error resulted when the case, which started with six jurors, was concluded with only five, and (2) overlooked a charge which appellants contended was improper. The items referred to were given consideration by this court, and as our filed opinion necessarily indicates were held to be without merit.
During the trial one of the jurors advanced pressing personal reasons for which the trial judge was inclined to and did excuse him from further participation, upon obtaining consent of counsel to proceed with the remaining five jurors. See 20 Fla.Jur., Jury, §§ 28, 29. Appellants' counsel consented but contended on appeal consent was forced by circumstances. Clearly such was not the case. Had counsel wished to object and withhold their consent there was ample opportunity to have done so.
The material part of the charge in question was:
"* * * Your function in this case is to determine the damages which he should recover and to decide which of the defendants are responsible. Under the evidence in this case, the plaintiff must recover a verdict against one or the other, or both of the defendants."
On the facts disclosed in this case, the quoted charge was acceptable under the authority of New Deal Cab Company v. Stubbs, Fla. 1956, 90 So.2d 614, and Ringler v. McVeigh, Fla.App. 1959, 109 So.2d 606.
Accordingly the two petitions for rehearing filed on behalf of the appellants are denied.
Also, the petition for rehearing filed on behalf of the appellee has been considered and is hereby denied.