SWANN, Judge.
On the afternoon of December 30, 1960 the plaintiff, Patricia L. McKenna, was hit by a boy on a bicycle as she left a bus operated by the defendant, Dade County, Florida, a/k/a Metropolitan Dade County Transit Authority. She and her husband, John C. McKenna, sued the transit authority and its driver, Ferrill Law, and obtained jury verdicts of $4,000.00 and $250.00, respectively.
The defendants filed a motion for remit-titur, or, in the alternative, for a new trial as to the verdict rendered in favor of the plaintiff husband in the sum of $250.00, on the ground that it was excessive and the result of a mistake or misunderstanding based on the proof and the instructions as to the law governing such a verdict. The defendants also moved for a new trial as to the verdict for the plaintiff wife, in that the sum of $4,000.00 was grossly excessive and contrary to the law and against the manifest weight of the evidence.
The court granted defendant’s motion for a remittitur on the claim of the plaintiff husband, or in the alternative, a new trial as to damages only, if the remittitur were not accepted within ten days. The court denied the motion for new trial as to the verdict for the plaintiff wife.
Final judgment was entered in favor of the plaintiff wife in the sum of $4,000.00, and since the remittitur was not accepted by the plaintiff husband, a new trial was granted as to damages only. The present appeal is taken by the transit authority and its driver from the final judgment entered in the wife’s favor.
The sole question presented by appellants is: “Whether the trial court erred in refusing to grant defendants a new trial on the ground that the verdict for Mrs. Mc-Kenna was contrary to the law and contrary to the manifest weight of the evidence.”
There was conflicting evidence before the jury as to the negligence of the defendants, which was resolved in favor of the plaintiffs. The test of whether a jury finding should be set aside by an appellate court is not what an appellate court would have decided had they been on the jury, but whether or not they can say, after viewing the case in its most favorable aspect toward the successful litigant, that the jury as reasonable men could not have found the verdict as they did. Stegemann v. Hite, Fla.App.1957, 96 So.2d 595.
There was substantial competent evidence of negligence to support the jury verdict, and there has been no showing of error by the trial court.
The judgment is therefore
Affirmed.