351 So.2d 17 (1977)
Janice S. DAVIS and Kenneth Davis, Her Husband, Petitioners,
v.
SOBIK'S SANDWICH SHOPS, INC., and State Farm Mutual Automobile Insurance Company, Benny Rome Jackson and Cavalier Insurance Corporation, Patricia Buchanan Dunn and Allstate Insurance Company, Respondents.
No. 49552.
Supreme Court of Florida.
June 16, 1977.
Rehearing Denied October 11, 1977.
*18 John C. Briggs of Robertson, Williams, Duane & Lewis, Orlando, for petitioners.
James O. Driscoll of Driscoll, Baugh, Langston, Layton & Kane, Harry K. Anderson of Anderson & Leklem, and John Edwin Fisher and Stephen D. Feinberg of Akerman, Senterfitt & Eidson, Orlando, for respondents.
HATCHETT, Justice.
By petition for writ of certiorari, we have for review a decision of the Fourth District Court of Appeal, reported at 330 So.2d 223 (Fla. 4th DCA 1976).
Petitioner in this case was the plaintiff in the trial court. The litigation arose from a three-vehicle rearend collision in which petitioner, a passenger in one of the automobiles, was injured. She brought suit against the three drivers and against the School Board of Seminole County, as one of their buses was alleged to have been a contributing cause of the accident. At the close of the evidence the trial court granted a motion for directed verdict on the issue of liability and instructed the jury to assess petitioner's damages and determine which defendant or defendants were negligent. The jury returned a verdict against all of the defendants, except the School Board. On appeal, the Fourth District Court of Appeal reversed and remanded for new trial on all issues, finding that the trial court erred in entering a directed verdict for the plaintiff and against no particular defendant. Conflict is asserted with New Deal Cab Co. v. Stubbs, 90 So.2d 614 (Fla. 1956); Sheehan v. Allred, 146 So.2d 760 (Fla.1st DCA 1962); City of St. Petersburg v. Blankenhorn, 251 So.2d 37 (Fla.2d DCA 1971); and Ringler v. McVeigh, 109 So.2d 606 (Fla.3d DCA 1959). We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
In New Deal Cab Co., supra, plaintiff was injured when the taxicab in which she was riding collided with another vehicle. She sued the cab company and the owner of the other vehicle, alleging negligence on both their parts. At the close of the evidence and upon motion of the plaintiff, the trial judge directed the jury to enter a verdict in favor of the plaintiff in reference to negligence and instructed them to designate the negligent defendant or defendants. The jury was also instructed to determine the amount of damages. This court affirmed, finding that the plaintiff was an innocent sufferer of harm and was entitled to a verdict at all events. The court stated that the only question to be determined was whose negligence was the legal cause of the damage.
This case presents an almost identical fact situation. Petitioner was an innocent passenger, free of any contributory negligence. The legal cause of her injuries was not attributable to anyone not joined in the action, and there was no evidence to indicate that she was injured as a result of an unavoidable accident. As in New Deal, a verdict was directed for the plaintiff but against no particular defendant. Such a verdict was proper since the state of the evidence would require a new trial if petitioner *19 failed to recover against at least one of the defendants. A verdict for all the defendants was legally precluded by the evidence.
Our reading of Sheehan v. Allred, supra, is to the same effect. There, the First District Court of Appeal, in reversing an order denying a directed verdict in the case of multiple defendants, said: "The court could not, however, properly direct the verdict against either or both of the defendants under the evidence revealed by this record." 146 So.2d at 764. But that court also said:
Where, as in the case we now review, the evidence affirmatively establishes that plaintiff is free of any negligence which could be held to have been the proximate cause of or contributed to the collision out of which her damages arose, there is no reason why this issue should be submitted to the jury to be considered in light of the defenses of contributory negligence and general denial. In response to plaintiff's motion the trial judge properly should have granted it on the issue of liability insofar as any claimed or alleged negligence on the part of plaintiff was concerned... . Id. at 764.
Similarly, the courts in City of St. Petersburg v. Blankenhorn, supra, and Ringler v. McVeigh, supra, affirmed directed verdicts as to liability. See also Schield Bantum Co. v. Greif, 161 So.2d 266 (Fla.3d DCA 1964), and Mansell v. Eidge, 179 So.2d 624 (Fla.3d DCA 1965).
In arriving at its decision below, the Fourth District Court of Appeal relied primarily on a decision of the Third District Court of Appeal, Blakely v. Pahler, 253 So.2d 140 (Fla.3d DCA 1971). In that case plaintiff was injured while riding in a bus which collided with an automobile. The trial judge denied Blakely's motion for directed verdict, and the District Court affirmed. The affirmance, however, was based on the theory that "the jury may have found that the damages suffered by Blakely (the plaintiff) were not proximately caused by any injuries resulting from this accident."
We agree with the holding in Blakely, for surely, a trial judge may not grant a directed verdict for the plaintiff, and against the defendants, where there is sufficient evidence for the jury to find that some intervening cause produced the accident or that the damages suffered by the plaintiff were not "proximately caused by any injuries resulting from the accident." But in the present case, as in New Deal:
No third persons intervened to cause or contribute to the accident. There is nothing in the record to suggest that the collision was an "unavoidable accident," and there was evidence from which the jury could have found either or both of the defendants to be negligent... . 90 So.2d at 615.
We know of no injustice or inconvenience resulting from this rule and therefore reaffirm our holding in that case.
Petitioners also contend that the District Court erred in remanding for new trial on all issues. Due to the disposition which we make of this case, it is unnecessary to discuss the matter further.
We have considered the points raised by respondents regarding the swearing in of part of the jury without affording them an opportunity to exercise their remaining peremptory challenges and find no error to have been committed.
Accordingly, the opinion of the Fourth District Court of Appeal is quashed and the case remanded for proceedings not inconsistent herewith.
It is so ordered.
OVERTON, C.J., and ADKINS, ENGLAND and SUNDBERG, JJ., concur.
BOYD, J., dissents with an opinion.
KARL, J., dissents with an opinion.
*20 BOYD, Justice, dissenting.
The district court found that each defendant presented evidence that tended to show their individual lack of fault. Sobik's Sandwich Shops, Inc. v. Davis, 330 So.2d 223 at 225 (Fla. 4th DCA 1976). That being the case, I must agree with the district court that the directed verdict for the plaintiff on liability was error. The jury should not have been prevented by the trial judge from finding that none of the defendants were liable since there was evidence admitted at trial which showed that each of the defendants may have been free from negligence. In passing on a motion for directed verdict, the court must accept as true all of the evidence and reasonable inferences therefrom which supports the opponents of the motion. Kelly v. Millers of Orlando, Inc., 294 So.2d 704 (Fla.4th DCA 1974).
New Deal Cab Co. v. Stubbs, 90 So.2d 614 (Fla. 1956), does not control since the evidence, if found persuasive by the fact finder, establishes that the accident was unavoidable. In any event, injury and lack of contributory negligence is not enough to direct a verdict for the plaintiff on liability. Before a plaintiff can recover for the negligence of a party, the plaintiff must prove that party's negligence. I would restate the New Deal Cab rule to make it crystal clear that in negligence suits against multiple defendants where there is evidence presented by each defendant that they were free from negligence the court may not direct a verdict for the plaintiff on liability.
KARL, Justice, dissenting.
I must respectfully dissent from the majority opinion which finds that jurisdiction lies in this Court to review the decision of the district court finding that the trial court erred in directing a verdict for the plaintiff.
The facts in this cause are clearly distinguishable from the facts in cases cited by petitioner to establish conflict. No conflict having been properly shown to exist, I would discharge the writ heretofore entered by this Court.