390 So.2d 139 (1980)
STRESSCON INTERNATIONAL, INC., a Florida Corporation, Tripp Crane Service, Inc. and Conerec, Inc., a Florida Corporation, Appellants,
v.
Susan E. HELMS, As Personal Representative of the Estate of Lawrence Helms, Deceased, Appellee.
Nos. 79-222, 79-232 and 79-235.
District Court of Appeal of Florida, Third District.
November 12, 1980.
*140 Lane, Mitchell & Harris and Byron B. Mathews, Jr.; Virgin, Whittle, Garbis & Gilmour; Corlett, Merritt, Killian & Sikes and Gerald E. Rosser, Miami, for appellants.
Podhurst, Orseck & Parks and Walter H. Beckham, Jr. and Joel D. Eaton; Spence, Payne, Masington & Grossman, for appellee.
Before BARKDULL, HENDRY and SCHWARTZ, JJ.
HENDRY, Judge.
We review a $2.1 million judgment entered upon a directed verdict. We affirm.
The facts are these: Larry Helms was working on the top floor of a building under construction, in a ceilingless room left open for the placement of a large air conditioning unit; one of several four-ton slabs of precast concrete was being craned over the building to the other side when the nylon straps which held it gave way; Helms was decapitated when the slab fell.
Helms was twenty-two years old. He was married; he had a small daughter; a second daughter was born three months after his death.
His wife brought a wrongful death action for his estate against Stresscon International, Inc., which had been hired to manufacture, haul and erect the concrete slabs. Additionally, two subcontractors, Conerec, Inc., and Tripp Crane Service, Inc. (installers and crane operators, respectively) were made parties to the suit. The amended complaint alleged Stresscon's negligence, breach of implied warranty, vicarious liability, and strict liability; damages were sought against Conerec and Tripp for their negligence.
At the close of the evidentiary portion of the trial, the court granted plaintiff's motion for directed verdict, and instructed the jury that the defendants were negligent, and had proximately caused Helms' death. They were left to assess damages, and apportion one hundred percent of the fault among the three defendants.
In a special verdict, the jury found Stresscon and Conerec actively at fault, and Tripp to have been a passive tortfeasor; the relative degrees of fault of the three defendants were found to be thirty-, sixty-, and ten-percent, respectively.
All three defendants appeal the grant of plaintiff's motion for directed verdict, and Stresscon further argues that its motion for directed verdict should have been granted, that the trial court improperly excluded certain evidence bearing on the vicarious *141 liability claim, and that its motion for new trial, based upon the excessiveness of the verdict, should have been granted.
We find initially that, on our review of the record, the verdict is not "so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate." Bould v. Touchette, 349 So.2d 1181, 1184-85 (Fla. 1977), on remand sub nom. Hartford Accident & Indemnity Co. v. U.S. Concrete Pipe Co., 369 So.2d 451 (Fla. 4th DCA 1979). No new trial is merited on that ground.
In addition to the general contention that the verdict is too large, Stresscon argues that the jury should not have been allowed to award damages for pain and suffering to the surviving children computed over the joint life expectancies of the children and their father; it is urged that such damages are statutorily allowable if computed over the children's period of minority only. See § 768.21(3), Fla. Stat. (1977). Our reading of the statutory language does not support that view; in any event, we stop short of full-blown analysis thereof because the record does not disclose a timely objection below upon which to hinge Stresscon's claim. The argument is deemed waived. Bould v. Touchette, supra, 349 So.2d at 1186.
We similarly disagree with Stresscon's argument that its contract with Conerec should have been admitted into evidence to support its contention that the latter was an "independent contractor." Since the jury found Stresscon actively negligent, it obviously rejected the vicarious liability count; it is only with regard to Stresscon's vicarious liability that Conerec's status vis a vis its employer is relevant. Thus, any error committed was harmless.
We consider the appellants' claim that plaintiff's motion for directed verdict should not have been granted.
The test of a directed verdict's propriety was definitively stated in New Deal Cab Co. v. Stubbs, 90 So.2d 614 (Fla. 1956):
Where the entire evidence is of such probative force that the trial court, to give effect to the manifest weight of the evidence and the justice of the cause, should properly have granted a new trial if a verdict had been rendered for the defendant, the trial court will not be held in error for directing a verdict for the plaintiff.
at 615 (citations omitted). Davis v. Sobik's Sandwich Shops, Inc., 351 So.2d 17 (Fla. 1977), on remand 371 So.2d 709 (Fla. 4th DCA 1979); Cook v. Estate of Mills, 374 So.2d 599 (Fla.3d DCA 1979).
Appellants urge that Davis and New Deal Cab set forth a three-prong test, under which we must reverse the judgment below:
"1) Plaintiff must be an innocent sufferer, free from any contributory negligence;
2) All parties responsible for the cause of plaintiff's injuries must be joined as defendants in the lawsuit;
3) There must be no evidence that the accident which caused plaintiff's injuries was unavoidable."
In that context, appellants contend there was evidence that Helms was warned of the lift over his work area (so that his failure to leave the area constituted contributory negligence), and that Helms' superior had been similarly warned (so that his employer, who had previously been voluntarily dismissed from the suit, was jointly liable for Helms' death). Appellants do not contend that the accident was unavoidable.
Acknowledging that facts conforming to that tripartite description appear in the language of Davis and New Deal Cab, we nonetheless reject the suggestion that they constitute unwavering criteria by which to gauge the appropriateness of a trial court's granting of a motion for directed verdict.
As appellee notes, New Deal Cab predates the advent of the comparative negligence liability apportionment standard in this state[1] by seventeen years. Since, at the time that New Deal Cab was announced, *142 any contributory negligence of the plaintiff barred his recovery en toto, such contributory negligence thereby negatived a directed verdict for the plaintiff. Obviously, such is not now the case. However, appellants point to language of Davis reiterating the same three conditions; clearly, they would argue, had one or more of these conditions been obviated by the shift to our present comparative negligence rule, they would not appear in Davis, which was handed down four years after Hoffman.
We reject appellants' tripartite-test analysis by reference to an additional similarity between New Deal Cab and Davis by which is explained the presence of the three conditions set forth in New Deal Cab, and repeated in Davis, without elevating them to the status of an alternative test of the validity of a directed verdict: In both cases, the trial court found that the defendants had negligently caused injury to the plaintiff. That is, in both cases, the court instructed the jury to return a damages figure, and one hundred percent of the liability assessment (in whatever apportionment) against the defendants: In those cases, no contributory negligence of the plaintiff, or tortfeasance of non-joined persons, was there to be found. Therefore, in an instance where the court has determined that no one other than the defendants may properly be held liable for plaintiff's injuries, the conditions stated in New Deal Cab and Davis constitute no more than a tautologic reconstruction of the actual test. However, a directed verdict may properly be had against a defendant causing injury in some proportion, where a jury might find a plaintiff contributorily negligent. See Santiesteban v. McGrath, 320 So.2d 476 (Fla.3d DCA 1975). Moreover, a plaintiff is not required to summon all conceivable culpable parties as defendants; he may have his judgment against any of them, and if a single defendant is shown to have negligently caused injury, a directed verdict against him is proper. In these instances, appellants' theory fails.[2]
We find that the evidence of appellants' culpability was so overwhelming that, had the jury rendered a verdict assessing anything less than one hundred percent of the blame for Helms' death against them, and had the trial court denied a motion for new trial, we would be forced to reverse, and remand for new trial. See Cloud v. Fallis, 110 So.2d 669 (Fla. 1959); Westbrook v. All-Points, Inc., 384 So.2d 973 (Fla.3d DCA 1980).
Finally, we find that evidence adduced below does not support Stresscon's motion for directed verdict.
Affirmed.
NOTES
[1] Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
[2] We note that our review of the evidence leads to the same inescapable conclusion the trial court reached: Neither Helms nor his employer was negligent, since neither can be said to have been warned of the upcoming lift. Although the result under appellants' construction is the same as that obtained by reference to the proper test of a directed verdict's propriety, we deem it appropriate to dispose of appellants' contention in order to affirm our adherence to the proper test.