PER CURIAM.
The final judgment entered upon a directed verdict is affirmed as there was insufficient evidence adduced below to sustain appellants’ claim for a brokerage fee in this case in that (a) no real estate brokerage agreement with the appellees was established and (b) no showing was made that appellants’ prospect, through an alter ego corporation, purchased the appellees’ property, as claimed by the appellants in their complaint. See New Deal Cab Co. v. Stubbs, 90 So.2d 614, 615 (Fla.1956). We are unable to say, however, that the entire claim was frivolous so as to justify the order entered below awarding attorney’s fees under Section 57.105, Florida Statutes (1981). Although the plaintiffs’ evidence was insufficient to survive a defense motion for directed verdict and the trial court warned counsel of this probability at the outset of the trial, this showing, without more, was insufficient to establish, as urged, a basis for the award of attorney’s fees herein under the above statute. We must therefore reverse the order awarding attorney’s fees to the appellees under Section 57.105, Florida Statutes (1981). See Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501, 504-06 (Fla.1982), and cases collected.
The final judgment appealed from is affirmed; the order awarding attorney’s fees is reversed.