PER CURIAM.
This is an appeal by the defendant from a final judgment entered below on an adverse jury verdict in a wrongful death action. The defendant/appellant Santa Fe Development Corporation [hereinafter Santa Fe] raises four points on appeal. We find no merit in these points and affirm, based on the following briefly stated legal analysis.
First, it is plain that the defendant Santa Fe’s claim of error relating to the denial of an alleged exercise of a peremptory jury challenge has not been adequately preserved for appellate review. This is so because Santa Fe’s trial counsel did not seek to exercise a peremptory challenge as to a specific juror, did not object to the jury as finally composed, and expressed no dissatisfaction with the jurors that sat. Plainly, under these circumstances, the peremptory challenge point has not been properly preserved for appellate review, as an appellate court will not pass on abstract legal questions concerning a jury selection process where, as here, the party complaining evinces no dissatisfaction whatever at trial with the ultimate jury selected. Ter Keurst v. Miami Elevator Co., 486 So.2d 547, 550 (Fla.1986); Young v. State, 234 So.2d 341 (Fla.1970); Harris v. State, 349 So.2d 854 (Fla. 2d DCA 1977), cert. discharged, 362 So.2d 1346 (Fla.1978). Moreover, we think Santa Fe’s trial counsel *19 agreed, in any event, to the peremptory challenge procedure employed below, and his subsequent effort to renege on this agreement was entirely ineffective. See State ex rel. Pettengill v. Copelan, 466 So.2d 1133, 1136 (Fla. 1st DCA 1985); Curr v. Helene Transp. Corp., 287 So.2d 695, 695 (Fla. 3d DCA 1973); Schield Bantum Co. v. Greif, 161 So.2d 266, 268 (Fla. 3d DCA 1964); Martel v. Carlson, 118 So.2d 592, 594 (Fla. 3d DCA), cert. denied, 123 So.2d 674 (Fla.1960).
Second, we see no error in denying the defendant Santa Fe’s motion for directed verdict in this cause. Abundant evidence was adduced below to establish that Santa Fe, as owner, directly influenced the manner of construction in the construction project where the subject accident occurred; that Santa Fe was, in effect, the general contractor on this project; and that Santa Fe was guilty of negligence in supervising the said project, which negligence was a proximate cause of the decedent’s death. We have carefully considered Santa Fe’s arguments to the contrary, but find them unpersuasive. Conklin v. Cohen, 287 So.2d 56 (Fla.1973); Cadillac Fairview of Fla., Inc. v. Cespedes, 468 So.2d 417, 421 (Fla. 3d DCA), pet. for review denied, 479 So.2d 117 (Fla.1985); Atlantic Coast Devel. Corp. v. Napoleon Steel Contractors, 385 So.2d 676, 679 (Fla. 3d DCA 1980).
Third, fundamental error is not presented, as urged, by plaintiff counsel’s final argument to the jury. See Good Samaritan Hosp. Ass’n v. Saylor, 495 So.2d 782, 783 (Fla. 4th DCA 1986); Division of Corrections v. Wynn, 438 So.2d 446, 449 (Fla. 1st DCA 1983); Hercules, Inc. v. Coto, 434 So.2d 4, 5 (Fla. 3d DCA), pet. for review denied, 441 So.2d 632 (Fla.1983); Murray-Ohio Mfg. Co. v. Patterson, 385 So.2d 1035 (Fla. 5th DCA 1980).
Fourth, we see no error in the trial court’s denial of a directed verdict on Santa Fe’s indemnification claim or in its declining to correct an alleged inconsistent jury verdict. A jury question was plainly presented on the indemnification claim and no inconsistency is presented by the jury verdict. See Houdaille Indus. v. Edwards, 374 So.2d 490 (Fla.1979); Eller & Co. v. Morgan, 393 So.2d 580 (Fla. 1st DCA), pet. for review, 399 So.2d 1141 (Fla.1981); Tejon v. Broome, 261 So.2d 197, 198 (Fla. 2d DCA), cert. dismissed, 265 So.2d 50 (Fla. 1972); Crawford v. DiMicco, 216 So.2d 769, 771-72 (Fla. 4th DCA 1968).
The final judgment under review is, therefore, in all respects,
Affirmed.