COBB, Judge.
Appellee, Michael Romero, while an inmate at the Brevard Correctional Institution, was injured when he fell from the seat of a mowing tractor he was driving as part of a prison work detail. The tractor, travelling approximately 10 miles per hour, rolled over Romero, severely injuring his back. Romero sued the State of Florida, Department of Corrections (DOC), claiming it was negligent in not providing the tractor with a seatbelt.[1] The trial jury determined the DOC to be 100% negligent and Romero to be free from any negligence, and awarded $100,000 in compensatory damages.[2] Defense motions for directed verdict and new trial were denied.
The key issue on this appeal is whether the trial court erred in denying the DOC’s motion for new trial based on the argument that the jury verdict allocating no contributory negligence to the plaintiff himself was contrary to the manifest weight of the evidence. See New Deal Cab Company v. Stubbs, 90 So.2d 614 (Fla.1956). At trial, in response to his attorney’s query as to how the accident happened, Romero testified:
A. Okay. As soon as I got on 520 headed east on the right-hand side shoulder, what I remember is we have work boots they issue in prison and my laces were undone. And I remember they were dangling down and I didn’t want to get them caught on the clutch peddle or get caught in any foreign object around the tractor.
So, I reached down and I stuffed the shoelaces in my boot to try to get them, you know, get the shoelaces out of my way and continue driving.
As I was leaning down, I had a hand on the wheel and I was stuffing the shoelaces. And the next thing I remember it was either a dip, a bump, I don’t know what it was. Something forced me to, you know, just lose my balance and the motion carried me towards the left side of the tractor.
The jury apparently accepted the plaintiff’s “but-for” argument: but for the absence of a seatbelt, Romero would not have fallen; therefore, DOC was 100% at fault. This approach is a misapplication of the theory of proximate cause. It could be said, with at least equal logic, that but for the fact that Romero did not stop the tractor in order to fix his shoelace, he would not have fallen and been run over. Under the facts as attested by Romero, he could not have been guiltless of all negligence proximately causing his injury. The evidence is uncontroverted that one reason, if *1034 not the principal reason, that Romero fell was because he hit a dip or bump while leaning down “stuffing his shoelaces” with the tractor in motion. The jury verdict, completely absolving Romero of fault, can only be the result of a misunderstanding of the applicable law or a disregard of that law because of sympathy or prejudice. Accordingly, the judgment entered below is reversed for a new trial on the issue of the comparative negligence of the respective parties. The jury’s determination of damages is not affected by this opinion.
REVERSED and REMANDED.
DAUKSCH, J., concurs.
ORFINGER, J., dissents with opinion.

. An operator’s manual provided by the manufacturer recommended seatbelts for mowing tractors equipped with a roll bar, as was the tractor in the instant case.

. It should be noted that section 946.14(3), Florida Statutes (1985), provides for liability for inmate injury while on work detail. The extent of the liability is governed by section 768.28, Florida Statutes (1985). Subsection (1) of that statute waives sovereign immunity, and subsection (5) provides that a maximum amount of $100,000 may be awarded, but that punitive damages are not permissible.