639 So.2d 1064 (1994)
HYUNDAI MOTOR COMPANY (KOREA), et al., Appellants,
v.
Evelyn PHILLIP, as Personal Representative of the Estate of Ann Marie Phillip, deceased, Appellee.
No. 93-1234.
District Court of Appeal of Florida, Third District.
July 12, 1994.
Rehearing Denied August 16, 1994.
*1065 Cabaniss, Burke & Wagner, Francis M. McDonald, Jr., Tracy Troutman Cheek, Orlando, and Leslie Landau, Miami, for appellants.
Cooper & Wolfe, Michael Seth Cohen, Marc Cooper and Maureen E. Lefebvre, Miami, for appellee.
Before BARKDULL, JORGENSON and GODERICH, JJ.
GODERICH, Judge.
The defendants, Hyundai Motor Company (Korea), Hyundai Motor America, and Central Hyundai Company d/b/a Central Hyundai [collectively referred to as "Hyundai"], appeal from an adverse jury verdict. We affirm.
Hyundai installed an automatic belt or passive restraint system that consists of a twopoint shoulder belt without a lap belt, a reinforced ramped seat and an enhanced knee bolster in its 1988 Hyundai Excel which was one of the types of restraint systems authorized by Federal Motor Vehicle Safety Standard 208 [FMVSS 208], 49 C.F.R. § 571.208 (1987), a safety standard established by the National Traffic Safety Administration pursuant to the National Traffic and Motor Vehicle Safety Act, 15 U.S.C. § 1381 et seq. Ann Marie Phillip was involved in an accident while driving a 1988 Excel. As a result of the accident, her liver was cut in half and she died. Evelyn Phillip, as personal representative of the estate of her daughter, Ann Marie, filed a complaint against Hyundai alleging negligence and strict liability in the design of the restraint system in the 1988 Excel. Hyundai moved for summary judgment on the ground that the plaintiff's claim was preempted as a matter of law. The trial court denied the motion.
The jury found the restraint system defective and awarded the plaintiff $2.4 million. The trial court summarily denied Hyundai's motion for new trial and remittitur. Hyundai appealed.
Hyundai contends that the trial court erred in denying Hyundai's motion for summary judgment where federal law (FMVSS 208 and its enabling legislation, the National Traffic and Motor Vehicle Safety Act) preempts the plaintiff's claim that the car was defective because of the lack of a lap belt. We disagree.
*1066 Based on the authority of Myrick v. Freuhauf Corp., 13 F.3d 1516 (11th Cir.1994); Perry v. Mercedes Benz of N. Am., Inc., 957 F.2d 1257 (5th Cir.1992); Taylor v. General Motors Corp., 875 F.2d 816 (11th Cir.1989), cert. denied, 494 U.S. 1065, 110 S.Ct. 1781, 108 L.Ed.2d 783 (1990); Wood v. General Motors Corp., 865 F.2d 395 (1st Cir.1988), cert. denied, 494 U.S. 1065, 110 S.Ct. 1781, 108 L.Ed.2d 782 (1990), we find that the National Traffic and Motor Vehicle Safety Act does not preempt the plaintiff's common law tort claims against Hyundai.
Next, Hyundai argues that the trial court abused its discretion in denying its motion for a new trial where the following prejudicial error were committed during trial: (1) plaintiff's counsel referred to other lawsuits and accidents despite the trial court's order in limine prohibiting reference to other lawsuits; (2) the trial court failed to grant Hyundai's motion for directed verdict despite plaintiff's failure to introduce facts to support her claims; and (3) the trial court did not permit Hyundai to exercise a peremptory challenge as to juror Wilson, forcing Hyundai to accept juror Wilson.
The trial court granted Hyundai's request for a motion in limine that prohibited the plaintiff from introducing "any evidence of the number or magnitude of other claims and accidents without prior court approval." Hyundai claims that plaintiff's counsel repeatedly violated this ruling during its cross examination of Hyundai's expert, Terry Thomas. A careful review of the record, however, shows that the plaintiff did not violate this order. Moreover, the plaintiff did not improperly elicit any testimony of dissimilar accidents. See Railway Express Agency, Inc. v. Fulmer, 227 So.2d 870 (Fla. 1969); Chambers v. Loftin, 67 So.2d 220 (Fla. 1953); Short v. Allen, 254 So.2d 34 (Fla. 3d DCA 1971). The jury merely heard the phrase "the Alvarado case" three times, with no further details or explanation. Accordingly, the trial court did not abuse its discretion in denying Hyundai's motion for mistrial on this ground. See Compania de Aviacion v. Knapp, 251 So.2d 18 (Fla. 3d DCA), cert. denied, 256 So.2d 6 (Fla. 1971); Morin v. Halpern, 139 So.2d 495 (Fla. 2d DCA 1962).
We cannot review Hyundai's contention that it is entitled to a directed verdict because of a lack of proof that an accident occurred because it did not timely object when the plaintiff's experts recounted the facts of the accident. See Tallahassee Furniture Co., Inc. v. Harrison, 583 So.2d 744 (Fla. 1st DCA 1991), rev. denied, 595 So.2d 558 (Fla. 1992); Frank v. Ruwitch, 318 So.2d 188 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 725 (Fla. 1976); Nat Harrison Assocs., Inc. v. Byrd, 256 So.2d 50 (Fla. 4th DCA 1971).
Similarly, there is nothing for this court to review on the peremptory challenge issue because Hyundai withdrew its challenge to juror Wilson. See Santa Fe Dev. Corp. v. Randolph, 506 So.2d 18 (Fla. 3d DCA 1987).
For the foregoing reasons, we affirm the final judgment entered on the jury verdict in favor of the plaintiff.